OPINION
{¶ 1} Defendant, Charles Redd, appeals from his conviction andsentence for failure to comply with an order of a policeofficer.
 {¶ 2} On September 22, 2003, while driving on Nottingham Roadnear S.R. 48 in Harrison Township, Defendant saw that a femalewhom he knew had been stopped by the Ohio State Patrol. Sgt.Charles Wilkerson had pulled the female over on suspicion ofdriving under the influence of alcohol. Sgt. Wilkerson and thesuspect were in a parking lot, and Sgt. Wilkerson wasadministering field sobriety tests.
 {¶ 3} Defendant noticed that the woman was crying and hestopped his vehicle on Nottingham Road and called out to thewoman, asking if she was okay. Because Defendant's vehicle wasinterfering with traffic on Nottingham Road and Defendant wasdistracting Sgt. Wilkerson from conducting his field sobrietytests, Sgt. Wilkerson ordered Defendant to move on.
 {¶ 4} In response to Sgt. Wilkerson's order to leave,Defendant pulled his vehicle forward a short distance, ten orfifteen feet, approximately one car length, and again called outto the woman, inquiring if she was okay. Once again Sgt.Wilkerson told Defendant to leave, and this time he did.
 {¶ 5} Defendant returned a short time later. By now, Sgt.Wilkerson had handcuffed the woman and secured her in the rearset of his police cruiser. This time Defendant drove into theparking lot where Sgt. Wilkerson and his female arrestee werelocated. Defendant parked about fifteen feet away and remainedinside his vehicle while he silently observed Sgt. Wilkerson'sactions.
 {¶ 6} Sgt. Wilkerson approached Defendant's vehicle and toldDefendant to leave. Defendant began arguing that he had a rightto know what Sgt. Wilkerson was doing and to observe his conduct.Sgt. Wilkerson again advised Defendant to leave, to move on, andwarned him that if he didn't leave he would be arrested. WhenDefendant did not leave, Sgt. Wilkerson arrested him.
 {¶ 7} Defendant was charged by complaint in Vandalia MunicipalCourt with failure to comply with an order of a police officer inviolation of R.C. 2921.331(A). Following a trial to the court,Defendant was found guilty. The trial court sentenced Defendantto thirty days in jail but suspended twenty-seven days, finedDefendant two hundred fifty dollars plus court costs, and placedDefendant on probation.
 {¶ 8} Defendant timely appealed to this court from hisconviction and sentence, which has been stayed pending thisappeal.
 FIRST ASSIGNMENT OF ERROR {¶ 9} "The trial court erred by overruling defendant's motionfor acquittal at the close of the state's case, as the statefailed to provide sufficient evidence to show that the officer'sorder to leave the scene of an arrest was a `lawful order'pertaining to the control and regulation of traffic."
 {¶ 10} When considering a Crim.R. 29 motion for acquittal, thetrial court must construe the evidence in a light most favorableto the State and determine whether reasonable minds could reachdifferent conclusions on whether the evidence proves each elementof the offense charged beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261. The motion will be grantedonly when reasonable minds could only conclude that the evidencefails to prove all of the elements of the offense. State v.Miles (1996), 114 Ohio App.3d 738.
 {¶ 11} "An appellate court's function when reviewing thesufficiency of the evidence to support a criminal conviction isto examine the evidence admitted at trial to determine whethersuch evidence, if believed, would convince the average mind ofthe defendant's guilt beyond a reasonable doubt. The relevantinquiry is whether, after viewing the evidence in a light mostfavorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond areasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,paragraph two of the Syllabus.
 {¶ 12} R.C. 2921.331(A) prohibits failure to comply with thelawful order of a police officer who is invested with authorityto direct, control, or regulate traffic. The term "lawful order"isn't defined, but it reasonably encompasses the officer's lawfulexercise of the authority to which the section refers: thedirection, control, or regulation of traffic. Notably, thefurther provisions of the section specifically refer to conductinvolving the operation of a motor vehicle by an offender.
 {¶ 13} Defendant sat in his automobile and ignored theofficer's orders to leave the scene. The officer testified thathe was concerned that the Defendant might in some way interferewith his arrest of the Defendant's friend, and as a result wasdistracted by the Defendant's conduct. The officer said also thathe was concerned for his own safety. The officer was entitled tothat concern. However, the friend was by then handcuffed andconfined in the officer's cruiser, and Defendant had made noeffort to leave his vehicle or otherwise accost or interfere withthe officer. Neither did the Defendant's vehicle impede trafficin any way or create a safety concern. Except for his persistencein remaining there, the Defendant did little if anything thatmight cause concern.
 {¶ 14} The State argues that Sgt. Wilkerson's order thatDefendant leave the parking lot was a "lawful order" per R.C.2921.331(A) because it was associated with the officer's exerciseof his authority to arrest Defendant's friend for a violation ofR.C. 4511.19, which involves control or regulation of traffic.The State concedes that Defendant was not involved in someactivity which constituted a traffic violation. Indeed, itappears that by merely sitting in his vehicle in an open parkinglot, Defendant was not engaged in any conduct that implicated thedirection, control, or regulation of traffic subject to theofficer's lawful authority.
 {¶ 15} Defendant argues that he had a right to be where hewas, and that he also had a right to observe the officer'sdischarge of his public duties. We agree. The prohibitions ofR.C. 2921.331(A) must be applied with that in mind. Two otherprinciples likewise apply. The Defendant must have engaged inconduct that R.C. 2921.331(A) expressly prohibits. R.C.2901.21(A)(1). And, the prohibitions imposed by R.C. 2921.331(A)must be strictly construed against the state and liberallyconstrued in favor of the accused. R.C. 2901.04(A).
 {¶ 16} Returning to the Defendant's conduct and the concernsthe officer had, a charge that might more comfortably apply toboth is a violation of R.C. 2921.31(A), Obstructing OfficialBusiness. That section provides:
 {¶ 17} "No person without privilege to do so and with purposeto prevent, obstruct, or delay the performance by a publicofficial of any authorized act within the public official'sofficial capacity, shall do any act that hampers or impedes apublic official in the performance of the public official'slawful duties."
 {¶ 18} R.C. 2921.31(A) presents an additional question ofDefendant's privilege to act as he did. More importantly, it alsorequires the state to prove that Defendant acted with theprohibited purpose. That requirement conveniently distinguishescurious or concerned onlookers from those persons who intend toobstruct or impede an officer.
 {¶ 19} These anomalies are not resolved by judicial fiat,unguided by legislative direction. Again, we are required by R.C.2901.04(A) to construe sections of the Revised Code strictlyagainst the state and liberally in favor of the accused. Doingthat, we hold that the "lawful order" of a police officer thatR.C. 2921.331(A) contemplates, and with which an offender failsto comply in order for a violation to occur, is one that involvesthe offender's act or omission in operating a motor vehiclewhich, by law, an officer is charged with authority to direct,control, or regulate. The manner of that operation need not beunlawful. It is only necessary that the officer be charged by lawwith authority to direct it and that the offender fails to complywith the officer's particular direction.
 {¶ 20} Defendant's conduct consisted of nothing more than hisfailure to drive away from where his vehicle was lawfully parkedwhen the officer directed him to do so. On this record, thedirection the officer gave was not one predicated on theauthority conferred on him by law to direct, control, or regulatetraffic. Therefore, we cannot find that Defendant failed tocomply with an order that was "lawful" within the contemplationof R.C. 2921.331(A). A contrary holding would criminalize anyfailure to comply with an order an officer gives while theofficer is engaged in traffic direction or control, even oneunrelated to those purposes. We believe that the General Assemblydid not intend that broad application when it enacted R.C.2921.331(A).
 {¶ 21} Even construing the evidence presented in this case ina light most favorable to the State, reasonable minds could onlyconclude that the evidence fails to prove the essential elementsof the offense charged. Therefore, the trial court erred infailing to grant Defendant's motion for a directed verdict ofacquittal.
 {¶ 22} The first assignment of error is sustained. Thejudgment of the trial court will be reversed, Defendant'sconviction vacated, and Defendant ordered discharged.
 SECOND ASSIGNMENT OF ERROR {¶ 23} "The conviction is against the manifest weight of theevidence."
 {¶ 24} Our disposition of the first assignment of errorrenders this assignment of error moot. Accordingly, we need notaddress this claim. App.R 12(A)(1)(c).
 {¶ 25} Having sustained Defendant's first assignment of error,his conviction will be vacated and Defendant ordered discharged.
 Fain, P.J. and Brogan, J., concur.