OPINION *Page 2 
{¶ 1} Defendant-Appellant Tony L. Ratliff appeals his conviction and sentence for Failure to Comply with Order or Signal of Police Officer, in violation of R.C. 2921.331(A), a first-degree misdemeanor. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} At approximately 11:56 p.m. on August 24, 2007, Officer Garver, a police officer with the City of New Lexington, was patrolling State Route 37. He observed a vehicle travelling 65 mph on State Route 37, which has a posted speed limit of 50 mph. Officer Garver began to pursue the vehicle to stop it for a speeding violation when he noticed a woman walking on the berm of State Route 37. The officer pulled up alongside the woman, later identified as Catherine Hinkle, and warned the woman to stay off the road as it was dark outside and the traffic on State Route 37 was moving at a high rate of speed.
 {¶ 3} As Officer Garver pulled away from Ms. Hinkle, he noticed another individual walking on State Route 37. This person, later identified by Officer Garver as Appellant, was walking in the marked lanes of the roadway. Officer Garver was concerned for the safety of Appellant and the vehicles traveling along State Route 37 due to the hilly and curvy stretch of roadway Appellant was traversing. The officer activated his overhead lights, slowed down his vehicle, pulled alongside Appellant and rolled down his passenger window. Officer Garver made eye contact with Appellant. The officer told Appellant to stop and that the officer wanted to speak with him. At this point, Appellant ran away from Officer Garver. *Page 3 
 {¶ 4} Officer Garver found an area where he could park his patrol car and proceeded to pursue Appellant on foot. The officer chased Appellant over a barbed wire fence, through a field and into a swampy area before Appellant stopped to hide in some thorn bushes. During the chase, Officer Garver continued to order Appellant to stop. The officer ordered Appellant to come out, which Appellant eventually did and was taken into custody. At that time, Officer Garver noticed an odor of alcohol coming from Appellant. Appellant admitted to Officer Garver that he had been drinking. Appellant was placed in a police cruiser and transported to the police station.
 {¶ 5} After Appellant was informed of his Miranda rights, Appellant admitted that he was intoxicated. He and Ms. Hinkle had come from a party and Appellant had offered to walk Ms. Hinkle home. Officer Garver arrested Appellant and charged him with obstruction of official business, a first-degree misdemeanor in violation of R.C. 2921.31; failure to comply with order or signal of police officer, a first-degree misdemeanor in violation of R.C. 2921.331(A); and intoxicated pedestrian, a minor misdemeanor in violation of R.C. 4511.481.
 {¶ 6} On August 28, 2007, Appellant was arraigned and entered pleas of not guilty to the first-degree misdemeanor charges. The trial court found Appellant guilty to Appellant's plea of no contest to the charge of intoxicated pedestrian and was fined $100.00 plus court costs. The trial court then released Appellant on a $5,000.00 recognizance bond.
 {¶ 7} The matter proceeded to jury trial on February 22, 2008. At trial, Appellant testified on his own behalf. He stated that he never heard the officer tell him to stop. He saw the officer speaking with Ms. Hinkle and then Appellant left the roadway before *Page 4 
the officer pulled up alongside because he did not want to deal with police officers because of his intoxication. At the close of the State's case, counsel for Appellant moved for acquittal on the charge of failure to comply with order or signal of a police officer. The trial court took the motion under advisement and then denied the motion at the close of the trial.
 {¶ 8} The jury found Appellant guilty of the charges of obstruction of official business and failure to comply with order or signal of a police officer. On February 26, 2008, the trial court sentenced Appellant to sixty days in jail on each charge to run concurrently and a $500.00 fine on each charge. Appellant began his incarceration on February 29, 2008 and was released from jail on bond on March 26, 2008.
 {¶ 9} It is from this conviction and sentence Appellant now appeals. Appellant raises one Assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED BY OVERRULING THE MOTIONS OF DEFENDANT FOR ACQUITTAL AS THE STATE FAILED TO PROVIDE SUFFICIENT EVIDENCE TO PROVE DEFENDANT WAS GUILTY OF FAILURE TO COMPLY WITH LAWFUL ORDER OF A POLICE OFFICER IN VIOLATION OF OHIO REVISED CODE SECTION 2921.331(A)."
 I. {¶ 11} Appellant argues the trial court erred in overruling his Crim. R. 29 motion for acquittal on the charge of failure to comply with order or signal of a police officer because Appellant was not operating a motor vehicle at the time of the act or omission. We disagree. *Page 5 
 {¶ 12} In determining whether a trial court erred in overruling a Crim. R. 29 motion for acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., State v. Carter (1995),72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N .E.2d 492 at 503.
 {¶ 13} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating, "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503.
 {¶ 14} R.C. 2921.331(A) states in pertinent part:
 {¶ 15} "(A) No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
 {¶ 16} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 17} "(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer. *Page 6 
 {¶ 18} "(2) A violation of division (A) of this section is a misdemeanor of the first degree.
 {¶ 19} "* * *"
 {¶ 20} It is Appellant's contention that because he was a pedestrian and was not operating a motor vehicle at the time of the incident, he could not be charged under R.C. 2921.331(A). Appellant cites this Court to State v. Redd, 2nd Dist. No. 20284, 2004-Ohio-4689, wherein the Second District Court of Appeals held,
 {¶ 21} "the `lawful order' of a police officer that R.C. 2921.331(A) contemplates, and with which an offender fails to comply in order for a violation to occur, is one that involves the offender's act or omission in operating a motor vehicle which, by law, an officer is charged with authority to direct, control, or regulate. The manner of that operation need not be unlawful. It is only necessary that the officer be charged by law with authority to direct it and that the offender fails to comply with the officer's particular direction." Id. at ¶ 19.
 {¶ 22} In the facts of that case, the appellant observed that his friend had been stopped by the Ohio State Patrol for suspicion of driving under the influence of alcohol. The appellant stopped his vehicle and inquired of his friend if she was okay. The officer ordered the appellant to leave. The appellant returned a short time later, parked his vehicle fifteen feet away from the officer's vehicle, and remained inside his vehicle while silently observing the officer's actions. The officer approached the appellant again and ordered him to leave. When the appellant refused, the officer charged the appellant with failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A). Following a trial, the appellant was found guilty. *Page 7 
 {¶ 23} Upon appeal, the Second District found that the appellant was not engaged in any activity that constituted a traffic violation. Therefore, the appellant was not engaged in any conduct that implicated the direction, control or regulation of traffic subject to the officer's lawful authority. Id. at ¶ 14. "On this record, the direction the officer gave was not one predicated on the authority conferred on him by law to direct, control, or regulate traffic." Id. at ¶ 20.
 {¶ 24} Appellant argues that based upon State v. Redd, an essential element of the offense of failure to comply with the order or signal of a police officer is the defendant's operation of a motor vehicle. We find Appellant's interpretation to be incorrect based upon an analysis of the statute by other Courts. The Ninth District Court of Appeals has found that a failure to comply conviction does not require that the order given directly relate to traffic matters. In State v.Wagenknecht (June 29, 1994), 9th Dist. No. 2864, a police officer initiated a traffic stop for a speeding violation. The officer ordered the appellant to stay at the scene to receive her citation, but the appellant began to walk away from her car. The Court held inWagenknecht, "[t]he plain meaning of the statute is that a person is guilty of failure to comply if, after receiving a lawful order from a police officer invested with authority to direct, control, or regulate traffic, that person failed to comply with that order. The police officer's authority must derive from traffic regulation." See also,State v. Davis, 4th Dist. No. 00CA2566, 2001-Ohio-2428.
 {¶ 25} We find then, based upon Redd, Wagenknecht and Davis that an essential element to R.C. 2921.331(A) is that the police officer's authority must derive from traffic regulation. Under the factual scenario of the present case, we find that the *Page 8 
State produced sufficient evidence to allow the jury to find the elements of failure to comply beyond a reasonable doubt.
 {¶ 26} Before Officer Garver observed the two individuals walking along State Route 37, he witnessed a vehicle travelling along State Route 37 at the speed of 65 mph, above the posted speed limit. (T. 31). The area in which Appellant was walking was, by Appellant's own admission, a dangerous section of road. (T. 93). Officer Garver testified there was a hill and curves on this portion of the road that could obstruct the view to oncoming motorists. (T. 32). When Officer Garver observed Appellant on the roadway, it was 11:56 p.m. (T. 30).
 {¶ 27} When Officer Garver pulled alongside Appellant and ordered him to stop, Appellant was walking in the marked lanes of State Route 37. (T. 32, 36). As part of Chapter 4511, which regulates traffic laws and operation of motor vehicles, R.C. 4511.50 controls where pedestrians may walk along roadways. R.C. 4511.50(B) states that if a sidewalk is not available, a pedestrian walking along and upon the highway shall walk only on a shoulder, as far as practicable from the edge of the roadway. Officer Garver testified that a pedestrian cannot be in a public roadway in the lane of travel. (T. 37-38). Officer Garver stated that he ordered Appellant to stop so that he could inform him of the traffic hazards and to stay off the road. (T. 63).
 {¶ 28} Upon this record and viewing the evidence in a light most favorable to the State, we find Officer Garver's authority derived from traffic regulation and Appellant's act of walking in the marked lanes of the roadway was conduct that implicated the direction, control or regulation of traffic subject to the officer's lawful authority.
 {¶ 29} Appellant's sole Assignment of Error is overruled. *Page 9 
 {¶ 30} The judgment of the Perry County Court is affirmed.
 Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court is AFFIRMED. Costs assessed to appellant. *Page 1