JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Louis Simmons III ("defendant"), challenges the trial court's refusal to order the reimbursement of court costs and supervision fees after his case was remanded on appeal and dismissed by the State. For the following reasons, we reverse and remand.
 {¶ 3} A review of the record reveals the following: On June 2, 2006, defendant was charged with one count of possession of crack cocaine and one count of trafficking in crack cocaine. After defendant's motion to suppress was denied, defendant pled no contest to both counts and was sentenced to nine months of community controlled sanctions, a suspended driver's license for seven months, ordered to pay $201.50 in court costs, and a $200 supervision fee.
 {¶ 4} On December 13, 2007, this Court overturned the trial court's ruling on the motion to suppress and found that the police unlawfully conducted a search of the defendant. See State v. Simmons, Cuyahoga App. No. 89309, 2007-Ohio-6636 ("Simmons I "). On remand, the trial court dismissed the case against the defendant.[1] On April 18, 2008, defendant filed a motion for reimbursement of his court costs and supervision fees, which was denied by the trial court.[2] It is from this decision that defendant now appeals and raises two assignments of error for our review. *Page 4 
 {¶ 5} "I. The trial court erred and violated the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution by requiring payment of court costs after a criminal conviction has been vacated.
 {¶ 6} "II. The trial court erred and violated the Fifth, Sixth, andFourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution by requiring payment of supervision fees on a criminal conviction that has been vacated."
 {¶ 7} In these assignments of error, defendant argues that the trial court erred in failing to order the reimbursement of his court costs and supervision fees. Defendant maintains that a court may not impose costs and fees against a defendant who has not been convicted.
 {¶ 8} R.C. 2947.23 provides the following, in pertinent part:
 {¶ 9} "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs
 {¶ 10} Ohio courts have consistently interpreted this statute to hold that a trial court may assess the costs related to a prosecutiononly if the State is successful and a defendant has been found guilty and sentenced. See State v. Posey (1999), 135 Ohio App.3d 751, 755;City of Cuyahoga Falls v. Coup-Peterson (1997), 124 Ohio App.3d 716,717-18; State v. Powers (1996), 117 Ohio App.3d 124, 128 (intent of statute is to impose costs on a defendant after his or her conviction);City of Broadview Heights v. Krueger, Cuyahoga App. No. 88998,2007-Ohio-5337 *Page 5 
(defendant's payment of the fine ordered to be returned after her conviction was overturned); State v. Oglesby, Seneca App. No. 13-01-30, 2003-Ohio-867; City of Cleveland v. Tighe, Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845 (only in successful prosecutions can the costs of proceedings be assessed to the defendant); In re Paul Graham, Mahoning App. No. 02 CA 67, 2002-Ohio-7294; City of Willoughby v. Sapina, Lake App. Nos. 2000-L-138 and 2000-L-139, 2001-Ohio-8707; State v. Brock
(Dec. 9, 1999), Cuyahoga App. No. 75168 (defendant not required to pay costs after his conviction vacated).
 {¶ 11} Here, the case against the defendant was dismissed. Therefore, he has not been convicted of a crime and is not required to pay fees. See Id.
 {¶ 12} Defendant's two assignments of error have merit and are sustained. The trial court is ordered to return defendant's payment of the court costs and supervision fees imposed for the vacated conviction.
Judgment reversed and remanded.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] See Journal Entry dated 3/5/08.
[2] See Journal Entry dated 6/3/08. *Page 1