THE STATE EX REL. JOHNSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Johnson v. Indus. Comm.,*
122 Ohio St.3d 289, 2009-Ohio-3453.]

*Workers' compensation — Violation of specific safety requirement — Ohio*
*Adm.Code 4123:1-3-10 — Scaffolding — Specific safety requirements*
*apply to all scaffolds regardless of their stage of completion.*

(No. 2008-1089 — Submitted April 21, 2009 — Decided July 21, 2009.)

APPEAL from the Court of Appeals for Franklin County,
No. 07AP-503, 2008-Ohio-2421.

_____

**Per Curiam**.

{¶ 1}  Appellant, John W. Johnson, alleged that he was injured as a result
of his employer's violation of several specific safety requirements ("VSSR")
pertaining to scaffolding.  Appellee Industrial Commission of Ohio found no
violations, and the matter is now before this court.

{¶ 2}  Johnson was installing safety rails on a scaffold that was being
erected.  Several co-workers were starting to enclose this assembled portion of the
scaffold in a plastic surround to protect workers from the winter elements.
Johnson was on either the first or second level of the scaffold, between six and 16
feet off the ground, when a gust of wind got underneath the plastic, tipped the
scaffold, and threw Johnson to the ground.

{¶ 3}  After Johnson's workers' compensation claim was allowed, he
alleged that his employer, appellee Buckner & Sons Masonry, Inc., had violated,
among other things, three specific safety requirements related to bracing and

anchorage of a scaffold. A commission staff hearing officer, however, found that those requirements did not apply because the scaffold was not fully assembled:

**{¶ 4}** "[A]ll three of these rules are designed to ensure that *completed* scaffolds must be safe in that the anchorage, poles, and legs of a *completed* scaffold must be properly secured to prevent swaying and diagonal braces must be used to secure a *completed* scaffold.

**{¶ 5}** "The Staff Hearing Officer rules that while the cited rules don't specifically state that these safety rules only apply to *completed* or *finished* scaffolds being used to build structures at construction sites, that [sic] it is obvious that these rules should only apply to already *completed* scaffolds so that employees working on them will be safe. To hold otherwise, that is, to find that these rules apply not only to already completed scaffolds, but also to scaffolds still being built, would subject employers to safety standards that would be clearly premature because the required safety rules contemplate a review of *existing* and *completed* scaffolds to ensure that completed scaffolds meet pre-determined safety regulations.

**{¶ 6}** "Therefore, it is found that [Ohio Adm.Code] 4123:1-3-10(C)(1) [and] (11) and 4123:1-3-10(F)(1) do not apply to this fact pattern because a review of the transcript * * * reveals that the scaffold at issue was not completed, it was still being erected at the time of injury." (Emphasis sic.)

**{¶ 7}** After rehearing was denied, Johnson filed a complaint in mandamus in the Court of Appeals for Franklin County. He argued that by declaring the provisions applicable only to fully erected scaffolds, the commission was impermissibly inserting language into the safety code. He asserted that the commission's interpretation not only produced an illogical result but also encouraged employers to circumvent safety regulations by simply leaving a scaffold partially completed.

**{¶ 8}** The matter was assigned to a magistrate who recommended that the writ be denied:

**{¶ 9}** "Perhaps it can be said that the SHO's [staff hearing officer's] pronouncement that the safety rules apply only to 'completed' scaffolds is overbroad and fails to accurately articulate the actual problem in applying the three safety rules to the undisputed facts of this case.

**{¶ 10}** "Given the above analysis, relator's argument that the SHO effectively rewrote the safety rules misses the mark. Even if it can be said that the three safety rules cannot be read as a matter of interpretation to be inapplicable to all scaffolds that are incomplete regardless of the circumstances of their incompletion, it is clear that the three safety rules can be read to be inapplicable to the scaffold at issue here because the scaffold collapsed while it was undergoing further stabilization by installation of the safety poles.

**{¶ 11}** "The commission's finding that the rules were inapplicable does not give rise to a patently illogical result as relator claims. There is no evidence that Buckner was attempting to avoid the applicability of the rules relating to scaffolding by deliberately delaying the completion of the scaffold. In fact, the undisputed evidence shows that Buckner was endeavoring to complete or finish the erection of the scaffold at the time of the injury."

**{¶ 12}** The court of appeals adopted the magistrate's findings of fact and conclusions of law. The court denied the writ, prompting Johnson's appeal to this court as of right.

**{¶ 13}** We do not share the court of appeals' view. In our opinion, the commission's order is more conclusory than explanatory. The staff hearing officer, declaring that it was "obvious" that the regulations applied only to completed scaffolds, apparently believed that no explanation was necessary. As a result, the three quoted paragraphs from the hearing officer's order merely restates the same conclusion in different ways.

**{¶ 14}** If there is an explanation to be garnered from the order, it more likely derives from this statement: "it is obvious that these rules should only apply to already completed scaffolds *so that employees working on them will be safe.*" The troubling aspect of this logic is the assumption that employees work only on or around completed scaffolds. Scaffolds, however, do not erect themselves. Workers erect scaffolds level by level and, in order to do so, must be on and around unfinished assemblies.

**{¶ 15}** This fact leads to a second point. Workers on or around unfinished assemblies need appropriate protection just as much as workers on finished assemblies. An employee assigned to install cross braces on the second level of an incomplete scaffold is exposed to at least as much risk of injury as an employee working on the second level of a finished scaffold. These necessary protections, moreover, go beyond just the workers on the scaffold. An unstable scaffold is also a danger to everyone working on the ground in the event of a collapse. The scaffolding regulations at issue are all intended to ensure that the scaffold is always plumb, secure, and rigid. These are not features that should apply to some scaffolds and not others.

**{¶ 16}** We recognize the court of appeals' reluctance to impose VSSR liability on an employer who was installing the very safety devices required by the safety code at the time the accident occurred. We do not, however, agree that the answer is to decline to apply Ohio Adm.Code 4123:1-3-10 altogether. The answer is to apply the code and then determine whether the employer either complied, or was in the process of complying, with the safety provisions at issue, taking into account the stage of construction and the reasonableness and practicality of being able to comply with the safety provisions at that stage of installing the scaffolding, which is a fact-specific determination.

**{¶ 17}** We accordingly find that Ohio Adm.Code 4123:1-3-10 applies to all scaffolds, regardless of the stage of construction. We reverse the judgment

below and return the cause to the commission to determine whether the employer satisfied the specific safety requirements at issue.

Judgment reversed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents.

_____

Connor, Evans & Hafenstein, L.L.P., Katie L. Woessener, Lori M. DiRenzo, and Kenneth S. Hafenstein, for appellant.

Richard Cordray, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____