[Cite as *State v. Pullen*, 2012-Ohio-1498.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   11 MA 10 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| KEVIN PULLEN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
                                                            Court, Case No. 10CR981.

JUDGMENT:                                     Vacated and Remanded.

APPEARANCES:
For Plaintiff-Appellee:                        Attorney Paul Gains
                                                            Prosecuting Attorney
                                                            Attorney Ralph Rivera
                                                            Assistant Prosecuting Attorney
                                                            21 West Boardman Street, 6th Floor
                                                            Youngstown, Ohio  44503

For Defendant-Appellant:                  Attorney Rhys Cartwright-Jones
                                                            42 North Phelps Street
                                                            Youngstown, Ohio  44503-1130

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 30, 2012

VUKOVICH, J.

{¶1} This is an appeal from the sentence entered in the Mahoning County Common Pleas Court after defendant-appellant Kevin Pullen pled guilty to felony theft. When imposing post-release control, the trial court failed to notify appellant in the judgment entry that if he violated the conditions of post-release control, he could be sentenced to up to one-half of his original sentence. The state concedes this error. The remaining issue revolves around the remedy this court can provide.

{¶2} Because appellant has been released from his term of imprisonment, we cannot remand for application of the corrected sentencing procedures contained in R.C. 2929.191. The failure to notify appellant properly was, in effect, the failure to properly impose post-release control, which cannot now be remedied since he has been released. Consequently, appellant's post-release control is vacated and this case is remanded for the trial court to note on its record that appellant cannot be resentenced and thus is not subject to post-release control.

STATEMENT OF THE CASE

{¶3} In August of 2010, appellant sold twelve books to Campus Book and Supply. After he left, the bookstore noticed that the books belonged to the Youngstown Public Library. Appellant had used his library card to check out two of the books. Appellant was indicted for theft and receiving stolen property, felonies of the fifth degree as the books were worth more than $500.

{¶4} Appellant pled guilty to the theft charge. The state dismissed the receiving stolen property count and agreed to recommend community control. At the plea hearing, the court advised appellant, as required by R.C. 2929.19(B)(3)(e), that if he violated the conditions of his post-release control, he can be sent back to prison for up to one-half of the total time imposed in his case. (Plea Tr. 7). The court ordered a presentence investigation.

{¶5} At the sentencing hearing, the court asked appellant if he remembered being informed at the plea hearing that if he violated the conditions of his post-release control, he could be sent back to prison for up to one-half of the total time that he receives in the original sentence. (Sent. Tr. 5-6). After defense counsel made sentencing statements, the court sentenced appellant to ten months in prison and imposed restitution in the amount of $1,165.40 to be paid within one year of his

release. The court then stated that what it previously explained about post-release control would apply. (Sent. 11-12).

{¶6} The December 20, 2010 sentencing entry advised that appellant was subject to three years of post-release control and stated that he "has been given notice under R.C. 2929.19(B)(3) * * *." Appellant filed timely notice of appeal. Original appellate counsel filed a no merit brief, stating that he reviewed the record and could find no meritorious issues and submitting no proposed assignments of error, and a request to withdraw. This court appointed new appellate counsel who filed a brief containing one assignment of error.

## ASSIGNMENT OF ERROR

{¶7} Appellant's sole assignment of error provides:

{¶8} "THE TRIAL COURT ERRED IN FAILING AT SENTENCING TO NOTIFY MR. PULLEN THAT HE WAS SUBJECT TO SERVICE OF UP TO HALF HIS ORIGINAL SENTENCE IN THE EVENT OF A POST-RELEASE VIOLATION AND FAILED TO INCORPORATE THE SAME NOTIFICATION INTO ITS JUDGMENT ENTRY."

{¶9} R.C. 2929.19(B)(3)(e) provides that the court at sentencing must notify the offender that if a period of supervision is imposed upon his release and if the offender violates that supervision, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed on the offender. This notice must be repeated in the sentencing entry. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 11, 22. And, a mere reference to a statute is insufficient notice. *See, e.g., State v. Jones*, 7th Dist. No. 06MA17, 2009–Ohio–794, ¶ 12.

{¶10} Here, the court failed to provide the proper notice in the sentencing entry that the parole board may impose a prison term of up to one-half of his original term. The state filed a confession of judgment rather than a brief and concedes this error.

{¶11} The remaining issue is the remedy that this court can provide. Appellant asks that we vacate post-release control and remand to see if the trial court wishes to correct the post-release control portion of his sentence under R.C. 2929.191. The state asks that we modify the post-release control portion of the sentence by notifying appellant that he is subject to future prison terms for violations of post-release control and issue a limited remand to the trial court for a corrected judgment entry as we did in *State v. Davis*, 7th Dist. No. 10MA160, 2011-Ohio-6025.

{¶12} We begin by pointing out that the legislature has provided a procedure for correcting faulty post-release control notifications that is applicable to cases where the sentencing occurred after July 11, 2006. *Singleton*, 124 Ohio St.3d 173, ¶ 23, 27, 32, 35 (holding that R.C. 2929.191 cannot be applied retroactively as intended but that it would be applied prospectively to sentences entered on or after July 11, 2006). Thus, for sentences entered prior to July 11, 2006, the Supreme Court's procedure developed through case law applies, but for sentences entered on or after July 11, 2006, such as the sentence here, the statutory procedure applies. *See id.*

{¶13} The sentence-correcting statute provides that where the trial court fails to notify the offender regarding the possibility of the parole board imposing a prison term for a violation of post-release control, the sentencing court can hold a hearing *prior to the offender's release* and issue a corrected judgment entry that includes the previously omitted statement that the parole board can impose a prison term of up to one-half of the original sentence for a violation of post-release control. R.C. 2929.191(B)(1)-(2). *See also* R.C. 2929.191(C) (referencing orders under (B)(1) as a type of order covered).

{¶14} However, appellant's ten-month prison sentence is complete, and he has been released from his term of imprisonment. Thus, this statutory procedure cannot be utilized by the trial court on remand. *See* R.C. 2929.191(B)(1) ("at any time before the offender is released") (B)(2) ("before the offender is released from imprisonment under the term"), (C) ("of a type described in division (A)(1) or (B)(1)").

{¶15} Nor is the *Davis* remedy mentioned by the state available. *See Davis*, 7th Dist. No. 10MA160 (modifying sentence and remanding only for court to enter corrected judgment), utilizing dicta in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. *Davis* involved sentencing that occurred prior to July 11, 2006 as did the cited *Fischer* case, and thus, the statutory hearing requirement did not apply. Our case involves sentencing that occurred after July 11, 2006. Moreover, the *Davis* defendant *was still imprisoned* at the time of the remand for a corrected entry, whereas appellant is no longer imprisoned.

{¶16} Using both the case law approach and the statutory approach, the Supreme Court has eliminated the obligation to serve post-release control where the offender is released prior to the imposition of post-release control. *See, e.g., State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70 ("once an

offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control."); *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18 (where defendant already served prison term, he cannot be subject to resentencing in order to correct the trial court's failure to impose post-release control). This leaves the question of whether there is a "flawed imposition of postrelease control" if the court fails to provide the statutorily mandated notice of what can happen for a violation and what the effect of R.C. 2929.19(B)(3)(e) is on this issue.

{¶17} Pursuant to R.C. 2929.19(B)(3)(e), if a court imposes a prison term on or after July 11, 2006, the failure to notify the offender about the prison term that the parole board may impose for a future violation or the failure to place that notice in the sentencing entry does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation *if the parole board notifies the offender of these consequences prior to his release* as per R.C. 2967.28(D)(1). The latter statutory section provides that prior to the release of a prisoner for whom it will impose post-release control, the parole board shall notify the prisoner that, if the prisoner violates any condition of post-release control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the prisoner. R.C. 2967.28(D)(1). Thus, R.C. 2929.19(B)(3)(e) does provide an alternative to the court notifying the offender that violations of post-release control can result in more prison time. *Cf. Bloomer*, 122 Ohio St.3d 290 at ¶ 72.

{¶18} Statutorily then, as long as the parole board notifies the defendant of the potential consequences of violating his post-release control terms prior to his release, the notice is considered to have been provided. *See* R.C. 2929.19(B)(3)(e) (parole board notification of effect of violation). *See also* R.C. 2929.191 (B)(1)-(2) and (C) (containing discretionary language regarding the trial court issuing a corrected entry if it wishes). We have no information regarding whether the parole board so informed appellant and that particular issue would hence not be ripe for our review as it is not in the record of the direct appeal.

{¶19} However, there are problems with this approach to the case. For instance, the Eighth District attempted to utilize this portion of R.C. 2929.19(B)(3)(e) to hold that the trial court's 2008 failure to notify a defendant of the consequences of a post-release control violation did not itself invalidate post-release control since the

parole board can provide the notice prior to release. *State v. Walls*, 8th Dist. No. 92280, 2009-Ohio-4985, ¶ 8-10. Specifically, the appellate court held:

**{¶20}** "Under the terms of amended R.C. 2929.19(B)(3)(e), we cannot agree that the sentence is void if the court fails to notify the offender at the sentencing hearing about the consequences of violating postrelease control. So long as the parole board notifies the offender before he is released from prison that it can impose a prison term for a violation of postrelease control, the legislature has determined that the board has the authority to impose a prison term for a violation. Plainly, therefore, the lack of notice of the consequences of a postrelease control violation does not affect the validity of the sentence." *Id.* at ¶ 10.

**{¶21}** The Ohio Supreme Court originally denied leave to appeal the Eighth District's holding. Then, on a motion to reconsider, the Supreme Court reversed the above-quoted portion of the *Walls* decision on the authority of *Singleton* and remanded the case to the trial court for further proceedings consistent with *Singleton*. *State v. Walls*, 125 Ohio St.3d 1201, 2010-Ohio-1806, 926 N.E.2d 647, ¶ 2.

**{¶22}** In *Singleton*, the main issue was whether R.C. 2929.191 could be applied retroactively. Although *Walls* did not involve retroactivity issues since the sentencing took place in 2008, the Supreme Court still remanded for application of *Singleton*. The content in *Singleton* relevant to *Walls* is the statement:

**{¶23}** "For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." *Singleton*, 124 Ohio St.3d 173 at ¶ 2 of syllabus.

**{¶24}** We recognize that the *Walls* defendant was still in prison. Nevertheless, the Supreme Court remanded for application of the statute by the trial court rather than allowing the parole board to conduct the notification later as the appellate court held, suggesting that the parole board notification cannot exist if the court never performed its statutory duty to properly notify the offender of the required information regarding post-release control. Thus, the Court refused to allow the Eighth District to rely on the parole board notification statutes.

**{¶25}** Although the Supreme Court in *Walls* did not explain its reasoning, its decision may be derived from the law that "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control

cannot be enforced." *Bloomer*, 122 Ohio St.3d 200 at ¶ 71. *See also Singleton*, 124 Ohio St.3d 173 at ¶ 32, citing *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000) (mentioning separation of powers issues where the parole board imposes items not properly imposed by the court). Thus, the Court is concerned about separation of powers issues where the parole board acts without mandate by the sentencing court.

{¶26} Notably, the Court has given no effect to some of the relevant statutory language before us when it stated in *Bloomer*:

{¶27} "the legislature has now amended R.C. 2929.14(F)(1) to provide: 'If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a court to include a post-release control requirement in the sentence pursuant to this division *does not negate, limit, or otherwise affect the mandatory period of post-release control that is required* for the offender under division (B) of section 2967.28 of the Revised Code.' Nothing in that division, however, provides that the executive branch may impose postrelease control if the sentencing court has not ordered it, nor does its language conflict with our precedent. However, a sentencing court must impose postrelease control before an offender completes the stated term of imprisonment." (Emphasis added to language that is also contained in the statute being considered in this case.) *Bloomer*, 122 Ohio St.3d 200 at ¶ 72.

{¶28} As such, the Court disallowed any possible attempt by the legislature to validate a post-release control sentence that was faulty in the absence of court action to correct such sentence. And, the Supreme Court equates a failure to actually impose post-release control with the failure to warn that a violation of post-release control can result in another prison sentence of up to one-half of the original sentence. *See Bloomer*, 122 Ohio St.3d 200 at ¶ 2-3. *See also Singleton*, 124 Ohio St.3d 173 at ¶ 4 (although a pre-2006 case, the Court addressed together the fact that the trial court's sentencing entry only mentioned a possibility of a five year term, which was actually mandatory, and that it failed to notify the defendant that violation of post-release control could result in additional time of up to one-half of his prison sentence).

{¶29} Here, the trial court's ability to apply the sentence-correction statute has passed. *See* R.C. 2929.191(B)(1) ("at any time before the offender is released") (B)(2) ("before the offender is released from imprisonment under the term"), (C) ("of a type

described in division (A)(1) or (B)(1)"). As such, we cannot remand to the trial court for application of R.C. 2929.191 and correction of the sentencing entry.

{¶30} We conclude from all of this that: the trial court's failure to issue the proper notice regarding future post-release control violations invalidated the imposition of post-release control; the parole board cannot impose prison if the court never ordered it; and, this aspect of sentencing cannot be remedied because appellant has been released from his prison term. This is consistent with the Supreme Court's reversal of the Eighth District's *Walls* holding and the Ninth District's position in *Leasure*. See *State v Leasure*, 9th Dist. No. 25682, 2011-Ohio-3666, ¶ 9-11 (vacating post-release control where entry failed to state parole board could order imprisonment for violations where defendant had been released from prison, without discussing the parole board notification option).

{¶31} For the foregoing reasons, we vacate post-release control in this case and remand with instructions for the trial court to note this on its record and to note that appellant is not subject to resentencing. *See Bloomer*, 122 Ohio St.3d 200 at ¶ 73 ("the trial court is instructed to note on the record that because [the defendant] has completed his prison sentence, he will not be subject to resentencing pursuant to law.").

Donofrio, J., concurs.
Waite, P.J., concurs.