[Cite as *State v. Cosby*, 2012-Ohio-3279.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

     Plaintiff-Appellee                              :               C.A. CASE NO.    24863

v.                                                              :               T.C. NO.    10CR3387/1

ANTWON L. COSBY                                 :               (Criminal appeal from
                                                                                    Common Pleas Court)

     Defendant-Appellant                         :

                                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     20th     day of     July    , 2012.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. No. 0041420, 5 N. Williams Street, Wright-Dunbar Business Village, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

CUNNINGHAM, J. (by assignment)

      **{¶ 1}**   Antwon L. Cosby pled guilty to aggravated burglary and aggravated

robbery, both first degree felonies. The court merged the convictions and sentenced Cosby to a mandatory five years in prison for the aggravated robbery.

{¶ 2} Cosby appeals from his conviction, claiming that the trial court erred in imposing a mandatory prison sentence due to a prior first degree felony conviction. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 3} In October 2010, Cosby was indicted for aggravated burglary, kidnapping, aggravated robbery, having a weapon while under disability, and burglary; the first three charges included a firearm specification. Shortly before the scheduled trial, Cosby pled guilty to the aggravated burglary and aggravated robbery charges, both first degree felonies. In exchange for his plea, the State agreed to dismiss the three remaining counts and the firearm specifications. Cosby also agreed to pay restitution for all of the counts.

{¶ 4} At the beginning of the plea hearing, the court stated that "the sentence that it would deliver to Mr. Cosby is going to be a period of five years of incarceration." The court told Cosby during the plea colloquy that he was not eligible for community control because he had a prior first or second degree "felony in your background and that when you get a second first-degree felony or a second second-degree felony, that second offense of a first- or second-degree felony level becomes a mandatory time case." At the end of the hearing, Cosby signed a plea form with the parties' agreement, which included a statement that the prison term for all counts was mandatory.

{¶ 5} A sentencing hearing was scheduled for October 6, 2011. On the morning of the sentencing hearing, Cosby filed a motion for the imposition of a non-mandatory prison

sentence. Cosby acknowledged that he had pled guilty to aggravated robbery, a first degree felony, in *State v. Cosby*, Montgomery C.C.P. 2001 CR 2877. However, Cosby argued that the judgment entry in his prior case was not a final appealable order because it failed to specify the manner of his conviction. Cosby thus contended that his prison sentence in this case was not required to be mandatory under R.C. 2929.13(F)(6).

{¶ 6} The trial court denied Cosby's motion for non-mandatory prison time at the sentencing hearing. The court merged Cosby's convictions, and the State elected to have him sentenced for aggravated robbery. The court imposed the agreed five-year sentence and court costs; it did not impose restitution or fines.

{¶ 7} \ Cosby appeals from his conviction, raising one assignment of error.

II.

{¶ 8} Cosby's sole assignment of error reads:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR THE IMPOSITION OF A NON-MANDATORY PRISON SENTENCE.

{¶ 9} In his assignment of error, Cosby claims that his 2002 first degree felony conviction could not serve as the basis for a mandatory prison sentence under R.C. 2929.13(F)(6).

{¶ 10} R.C. 2929.13(F)(6) provides:

Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms * * * for any of the following offenses: * * *

(6) Any offense that is a first or second degree felony and that is not

set forth in division (F)(1), (2), (3), or (4) of this section, if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, any first or second degree felony * * *[.]

{¶ 11} Cosby asserts that his 2002 conviction is "void" and does not count against him for purposes of R.C. 2929.13(F)(6), because the judgment of conviction in his prior case failed to state the manner of his conviction, as required by Crim.R. 32(C). Cosby argues that we should follow *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, in which the Supreme Court of Ohio held that the failure to properly impose post-release control renders the post-release control portion of that judgment entry void.

{¶ 12} Citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the State responds that the finality of Cosby's prior conviction was not affected by the trial court's failure to state the manner of the conviction. The State asserts that Cosby's 2002 conviction met the requirements of a valid, final judgment, and thus the trial court was required to impose a mandatory sentence under R.C. 2929.13(F)(6).

{¶ 13} Crim.R. 32(C) requires that a judgment of conviction set forth "the plea, the verdict, or findings, upon which each conviction is based, and the sentence," that the judgment be signed by the trial judge, and that the clerk enter the judgment on the journal. In 2008, the Supreme Court of Ohio interpreted Crim.R. 32(C) to mean that "a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 18.

**{¶ 14}** The Supreme Court's holding in *Baker* "created confusion and generated litigation regarding whether a trial court's inadvertent omission of a defendant's 'manner of conviction' affects the finality of a judgment entry of conviction." *Lester* at ¶ 9. Accordingly, in *Lester*, the Supreme Court attempted to clarify "the substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal." *Id*. at ¶ 11. The Supreme Court held that the substantive requirements of Crim.R. 32(C) are "the *fact* of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk." (Emphasis in original.) *Id*.

**{¶ 15}** In so holding, the *Lester* court concluded that the manner of conviction was not a substantive requirement of Crim.R. 32(C). It explained:

Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. The identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the

substantive provisions of Crim.R. 32(C).

*Lester* at ¶ 12.   The court thus made clear that "the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final."   *Id*. at ¶ 16.

**{¶ 16}**   Cosby's 2002 judgment entry indicates that Cosby was "convicted" of aggravated robbery with a deadly weapon, a first degree felony, and that he was sentenced to four years in prison; as part of the sentence, another case – Montgomery C.C.P 2001 CR 1138/1 – was administratively terminated.   Cosby also received 390 days of jail time credit.  The judgment entry was signed by the trial judge and entered on the journal by the clerk. Although the 2002 judgment entry did not identify the manner of conviction, the entry complied with the substantive requirements of Crim.R. 32(C).   Thus, in accordance with *Lester*, the entry constituted a final appealable order under R.C. 2505.02.

**{¶ 17}**    In his reply brief, Cosby acknowledges that the absence of the manner of conviction may be corrected with a nunc pro tunc entry.   He contends, however, that his 2002 conviction is void until the trial judge in his prior case issues such an entry; that court has not done so.

**{¶ 18}**   As discussed above, a judgment entry is final under Crim.R. 32(C) when it complies with the substantive requirements of that rule.   A nunc pro tunc entry which includes the manner of conviction that was inadvertently omitted from the judgment entry merely corrects a clerical error in the judgment.   *Lester* at ¶ 20.   Cosby's 2002 judgment entry was a final order when it was issued in 2002, and its finality is not affected by the trial

court's failure to issue a nunc pro tunc entry in the case to correct the omission of the manner of Cosby's conviction.

{¶ 19}    In short, Cosby's 2002 judgment entry is not void for failure to include the manner of conviction.   Rather, Cosby's 2002 conviction for aggravated robbery constituted a prior first degree felony for purposes of R.C. 2929.13(F)(6).   Consequently, the trial court did not err in denying Cosby's motion for a non-mandatory sentence.

{¶ 20}   Cosby's sole assignment of error is overruled.

III.

{¶ 21}   The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew T. French
Michael C. Thompson
Hon. Mary L. Wiseman