[Cite as *State v. Chasteen*, 2013-Ohio-3573.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-12-247 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | : | 8/19/2013 |
| - vs - | : | |
| | : | |
| ADAM D. CHASTEEN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-06-1007


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Adam D. Chasteen, P.O. Box 13531, Hamilton, Ohio 45013, defendant-appellant, pro se


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Adam D. Chasteen, appeals a decision of the Butler County Court of Common Pleas denying his motion to vacate the imposition of postrelease control. For the reasons stated below, we reverse and vacate in part the decision of the trial court and remand for further proceedings.

{¶ 2} In an October 2007 bench trial, appellant was found guilty of kidnapping, intimidation of an attorney, victim, or witness in a criminal case, and assault. Appellant was

sentenced on November 27, 2007 to five years in prison and postrelease control. During the sentencing hearing, the trial court stated, "in Count 1, the Court will impose five years of postrelease control." The trial court's sentencing entry incorrectly provides that appellant was found guilty by a jury as opposed to in a bench trial. The entry also addresses postrelease control and states:

> The court has notified the defendant that postrelease control is mandatory in this case up to a maximum of five (5) years, as well as the consequences for violating conditions of postrelease control imposed by the Parole Board under Revised Code 2967.28. The defendant is ordered to serve as part of this sentence any term of postrelease control imposed by the Parole Board and any prison term for violation of that postrelease control.

{¶ 3} Appellant was released from prison in September 2012 after having completed his prison sentence and was placed on postrelease control. Thereafter, appellant moved the trial court to vacate the imposition of postrelease control because the trial court did not properly notify him of postrelease control. The trial court denied appellant's motion.

{¶ 4} Appellant now appeals, asserting three assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT FAILED TO COMPLY WITH OHIO CRIMINAL RULE 32(C).

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT FAILED TO RESENTENCE THE APPELLANT PRIOR TO HIS RELEASE FROM PRISON.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL COURT COMMITED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO VACATE THE IMPOSITION OF [POSTRELEASE CONTROL].

{¶ 11} Appellant challenges the imposition of postrelease control on two bases. First,

appellant argues the judgment entry of conviction is not final and thus postrelease control must be vacated because the entry incorrectly stated that appellant was found guilty by a jury. Appellant maintains the misstatement as to the manner of his conviction violates Crim.R. 32(C). Second, appellant contends that postrelease control must be vacated because of notification errors in the sentencing entry and during the sentencing hearing.

### I. Manner of Conviction

{¶ 12} Crim.R. 32(C) requires that a judgment of conviction set forth "the plea, the verdict, or findings, upon which each conviction is based, and the sentence," and that the judgment be signed by the trial judge, and that the clerk enter the judgment on the journal.[1]

{¶ 13} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, the Ohio Supreme Court held that in order for a judgment entry of conviction to comply with Crim.R. 32(C) and be a final appealable order, the entry must set forth, "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at the syllabus. The court further explained that a "logical interpretation of Crim.R. 32(C)'s phrase 'the plea, the verdict or findings, and the sentence'" requires a trial court "to sign and journalize a document memorializing the sentence and *the manner of conviction*." (Emphasis added.) *Id.* at ¶ 14.

{¶ 14} Since *Baker*, courts have struggled with whether the omission of a defendant's manner of conviction affects the finality of a judgment entry of conviction. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 9. In *Lester*, the Supreme Court clarified "the substantive requirements that must be included within a judgment entry of conviction to make

---

1. We note that Crim.R. 32(C) has been amended and provides, "[a] judgment of conviction shall set forth the fact of conviction and the sentence." The staff notes to the amendment indicate that the Supreme Court has adopted the changes because the "current rule arguably required the judgment to specify the specific manner of conviction. The proposed amendment allows, but does not require, the judgment to specify the specific manner of conviction." This amendment is not relevant in this case as the proceedings below ceased prior to the amendment's effective date. Accordingly, we apply the prior version of Crim.R. 32(C) to this appeal.

it final for purposes of appeal." *Id.* at ¶ 11. The Supreme Court held that Crim.R. 32(C) requires "the *fact* of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk." (Emphasis sic.) *Id.* The Court concluded that the manner of conviction was not a substantive requirement of Crim.R. 32(C). It explained:

> Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form. The identification of the particular method by which a defendant was convicted is merely a matter of orderly procedure rather than of substance. A guilty plea, a no-contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial explains how the fact of a conviction was effected. Consequently, the finality of a judgment entry of conviction is not affected by a trial court's failure to include a provision that indicates the manner by which the conviction was effected, because that language is required by Crim.R. 32(C) only as a matter of form, provided the entry includes all the substantive provisions of Crim.R. 32(C).

*Lester* at ¶ 12.

{¶ 15} The Supreme Court clarified and stated that "the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final." *Id.* at ¶ 16. *See State v. Cosby*, 2d Dist. Montgomery No. 24863, 2012-Ohio-3279, ¶ 15.

{¶ 16} Appellant's 2007 sentencing entry incorrectly specifies that appellant was found guilty by a jury as opposed to a bench trial. Except for incorrectly stating the manner of conviction, the entry complied with the substantive requirements of Crim.R. 32(C). Thus, in accordance with *Lester*, the entry constituted a final appealable order under R.C. 2505.02. Moreover, as the entry complied with the substantive requirements of Crim.R. 32(C), it is not void, and appellant's postrelease control cannot be vacated on this basis.

{¶ 17} The Rules of Criminal Procedure specifically permit the correction of clerical

errors which result from oversight or omission. Crim.R. 36. We remand this case and direct the trial court to issue a nunc pro tunc entry correctly reflecting that appellant was found guilty following a bench trial.

## II. Postrelease Control Notifications

{¶ 18} Next, we address the notifications appellant received regarding postrelease control in the sentencing entry and during the sentencing hearing. Appellant argues the judgment entry of conviction erroneously stated the duration of postrelease control as "up to" five years when he was required to serve a mandatory five-year term of postrelease control. Additionally, appellant contends the trial court failed to notify him at the sentencing hearing that violation of postrelease control may result in imprisonment for up to half his prison term. Appellant maintains that because he has completed his term of imprisonment, the trial court may not now correct these errors, and postrelease control must be vacated. The state responds by arguing that R.C. 2929.19(B)(3)(c) and (e) provides that the imposition of postrelease control cannot be negated by the trial court's failure to include postrelease control in the entry or the failure to advise regarding the consequences of violating postrelease control during the sentencing hearing.[2]

## A. Sentencing Entry and Hearing Notification Errors

{¶ 19} We find that the trial court failed to accurately advise appellant regarding postrelease control at the sentencing hearing. When a court imposes a sentence that includes postrelease control, it must notify the offender at the sentencing hearing that he will be supervised pursuant to R.C. 2967.28 and that upon violating a condition of postrelease control, the parole board may impose a prison term of up to one-half of the prison term

---

2. We note that since appellant's sentencing, R.C. 2929.19 has been reorganized and this requirement is now listed under subsection (B)(2)(c) and (e). However, we will refer to and apply the prior version of R.C. 2929.19 as this version of the statute was in effect at appellant's sentencing.

originally imposed upon the offender. R.C. 2929.19(B)(3)(c) and (e); *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 2. Appellant was not so advised during his sentencing hearing. Failure to advise of the possible consequences of violating postrelease control renders that part of the sentence void and it must be set aside. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26.

{¶ 20} Additionally, appellant's sentencing entry also failed to properly advise him about the term of postrelease control. The entry stated he was subject to a mandatory term of postrelease control "up to" a maximum of five years. This improperly indicated that appellant could be subject to something less than the statutorily required term. *State v. Gann*, 12th Dist. Butler No. CA2010-07-153, 2011-Ohio-895, ¶ 19. *See* R.C. 2967.28(B)(1).

{¶ 21} Therefore, the issue is whether the failure to notify an offender of postrelease supervision and of the consequences of violating postrelease control may be corrected and postrelease control imposed once an offender has been released from prison.

### B. Legislative Remedies and Supreme Court Jurisprudence

{¶ 22} R.C.2929.191, as interpreted by the Supreme Court, provides a procedure for correcting faulty postrelease control notifications where the sentencing occurs after July 11, 2006. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 26 and 35. The statute provides that where the trial court imposes a sentence including a prison term and fails to notify the offender regarding the possibility of a prison term for violating postrelease control, the sentencing court may rectify the defect by conducting a hearing and issuing a corrected judgment entry. R.C. 2919.191(B)(1). This corrective procedure is to occur "at any time before the offender is released from imprisonment under that term." *Id.* Because appellant has completed his term of imprisonment and been released, the remedial procedure set forth in R.C. 2929.191 has no application here.

{¶ 23} Over the years, the Ohio Supreme Court has stated that postrelease control

must be vacated when the offender was improperly notified of postrelease control and has completed his original term of imprisonment. In *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, ¶ 18, syllabus modified, postrelease control was vacated when an offender, who had been released from prison, was improperly notified of postrelease control at his sentencing hearing even though the offender's sentencing entry correctly allowed for postrelease control. *Id.* at ¶ 3.

{¶ 24} R.C. 2929.19(B)(3)(e) purports to negate postrelease notification errors. It provides:

> If a court imposes a sentence including a prison term on or after July 11, 2006, *the failure of a court to notify the offender pursuant to [this subsection] that the parole board may impose a prison term* as described in [this subsection] for a violation of that supervision or a condition of post-release control imposed under [R.C. 2967.131(B)] or to include in the judgment of conviction entered on the journal a statement to that effect *does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term* for a violation of that nature if, pursuant to [R.C. 2967.28(D)(1)], the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term.

(Emphasis added.)

{¶ 25} In *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, the Court addressed the import of R.C. 2929.19(B)(3)(e).[3] The Court stated:

> Nothing in that division, however, provides that the executive branch may impose postrelease control if the sentencing court has not ordered it, nor does its language conflict with our precedent. However, a sentencing court must impose postrelease control before an offender completes the stated term of imprisonment.

*Id.* at ¶ 72.

{¶ 26} Notwithstanding R.C.2929.19, the *Bloomer* Court vacated the imposition of

---

3. The court was discussing R.C. 2929.14(F)(1), however, the language in that statute is very similar to R.C. 2929.19. *See State v. Williams*, 7th Dist. Belmont No. 09 BE 11, 2010-Ohio-2702, ¶ 12.

postrelease control against a defendant who was not advised about postrelease control at his sentencing hearing or in his sentencing entry. In so holding, the Court stated, "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *Id.* at ¶ 70. *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 24.

{¶ 27} The Court also addressed the parole board's authority in imposing postrelease control. The Court noted that "in the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced. Imposition of punishment is a function of the judicial branch of government." *Id.* at ¶ 71.

{¶ 28} In *State v. Williams*, 7th Dist. Belmont No. 09 BE 11, 2010-Ohio-2702, the Seventh District commented concerning the efficacy of R.C. 2929.19(B)(3)(e) in view of the Supreme Court's opinion in *Bloomer*. The court stated "whatever the legislature attempted to accomplish with its amendments * * * the Supreme Court does not believe the amendments mean that post-release control is automatic upon release regardless of the sentencing court's failures." *Id.* at ¶ 23. The court noted that "the amendments appear[] to be an attempt by the legislature to negate the Supreme Court law on void sentences and the need to resentence." *Id.* at ¶ 17. Nevertheless, *Bloomer's* pronouncements "seem to maintain [the Supreme Court's] prior position on resentencing regardless of the legislative amendments." *Id.* at ¶ 18. *See State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332, 92333, 2010-Ohio-62; *State v. Pullen*, 7th Dist. Mahoning No. 11 MA 10, 2012-Ohio-1498, ¶ 24.

{¶ 29} Recently, the Supreme Court noted that once a defendant has completed his original term of imprisonment, not all notification errors will require postrelease control to be vacated. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111. In *Qualls*, the Supreme Court discussed whether a sentencing entry which was silent with regard to postrelease control could be corrected by a nunc pro tunc judgment entry because the offender was

notified of postrelease control at his sentencing hearing. *Id.* at ¶ 1. While not at issue in the case, the Court distinguished between sentencing entries that imperfectly notify of postrelease control versus those that fail to include any notification of postrelease control. *Id.* at ¶ 16. Specifically, the Court stated:

> *Unless a sentencing entry* that did not include notification of the imposition of postrelease control *is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed.* *State v. Hernandez*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28-20; *compare Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 48-51 (when a sentencing entry made some reference to postrelease control, any deficiencies in the entry could have been raised on appeal, and postrelease control can be imposed upon the defendant's release from prison).

(Emphasis added.) *Id.*

{¶ 30} These decisions indicate that the Supreme Court differentiates between the treatment of postrelease control notification errors depending upon whether a defendant has completed the term of imprisonment for which the postrelease control relates. Dicta in *Qualls* suggests that when a sentencing entry defectively provides notice of postrelease control, postrelease control need not be vacated. However, postrelease control notification errors occurring at the sentencing hearing or failure to include any notification of postrelease control in the sentencing entry will require vacation of postrelease control if the defendant has been released from his original term of imprisonment. *See State v. Clark*, 2d Dist. Montgomery No. 2012CA16, 2013-Ohio-299, ¶ 54. Under *Qualls*, this rationale also extends to the trial court's authority to correct a sentencing entry by issuing a nunc pro tunc entry, if the original sentencing entry contains no mention of postrelease control.

## C. <u>Remedy in this Case</u>

{¶ 31} We find that appellant's postrelease control must be vacated. The R.C.2929.191 remedial procedure is inapplicable here as appellant has completed his term

of imprisonment. R.C. 2929.19(B)(3)(e) also does not insulate appellant's postrelease control from vacation because the Supreme Court in *Bloomer* found that the statute violates the doctrine of separation of powers and there is no evidence that the parole board provided the proper notice to appellant in any event. *See Pullen*, 7th Dist. Mahoning No. 11 MA 10, 2012-Ohio-1498 at ¶ 18.

{¶ 32} Further, we find that because appellant has completed his original term of imprisonment, the error that occurred during his sentencing hearing is not subject to correction. The trial court's failure to notify appellant regarding the consequences of violating postrelease control at the sentencing hearing was in error. *Qualls* does not apply here as appellant received a faulty notification of postrelease control at the sentencing hearing. *See State v. Perry*, 12th Dist. Butler Nos. CA2011-01-008, CA2001-02-017, 2011-Ohio-3637; *State v. McKissic*, 8th Cuyahoga Dist. Nos. 92332, 92333, 2010-Ohio-62.

{¶ 33} Appellant's assignments of error are sustained in part and overruled in part. Appellant's judgment entry which incorrectly specifies the manner of his conviction is a final appealable order under R.C. 2505.02, the entry is not void, and the imposition of postrelease control should not be vacated on this basis. However, in accordance with Crim.R. 36, the trial court is directed to issue a nunc pro tunc entry to reflect that appellant was found guilty after a bench trial.

{¶ 34} Additionally, the imposition of postrelease control against appellant must be vacated because he was improperly notified of postrelease control during the sentencing hearing and he has completed his original term of imprisonment. The trial court is instructed to note on the record that because appellant has completed his prison sentence, he will not be subject to resentencing pursuant to law. Further, any supervision fees imposed by the Adult Parole Authority against appellant regarding postrelease control should be withdrawn and any fees paid by appellant are ordered to be refunded back to him. *See State v.*

*Simmons*, 8th Dist. Cuyahoga No. 91628, 2008-Ohio-6291.

**{¶ 35}** Judgment reversed and vacated in part and remanded for further proceedings.

HENDRICKSON, P.J., and S. POWELL, J., concur.