[Cite as *State v. Ertel*, 2016-Ohio-2682.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-12-109 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 4/25/2016 |
| - vs - | | |
| | : | |
| MARGARET B. ERTEL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2015CRB00720

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Rittgers & Rittgers, C. Stephen M. Kilburn, 12 East Warren Street, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Margaret B. Ertel, appeals her conviction in the Warren County Court for one count of obstructing official business. For the reasons outlined below, we affirm.

{¶ 2} On the afternoon of September 5, 2015, officers from the Warren County Sheriff's Office were dispatched to investigate a road rage incident after they received a

complaint that the male passenger in a vehicle now parked outside a Union Township home had pointed a gun at another driver. Upon arriving at the scene, Deputy Noah Billmaier made contact with Ertel and her boyfriend, Thomas Ledbetter, both of whom admitted to being involved in a road rage incident, but denied that a firearm had been used. After this initial enquiry, which lasted approximately five to seven minutes, Ertel and Ledbetter were separated for additional questioning. Deputy Billmaier then escorted Ledbetter outside and contacted the victim, who this time described the gun and provided an approximate make of the firearm pointed at her.

{¶ 3} While Deputy Billmaier was outside speaking to Ledbetter, Sergeant Corey Adams and Deputy Matt Landrum were inside speaking with Ertel. During this time, Ertel repeatedly told the officers that no firearm was used during the road rage incident and that Ledbetter was not carrying a gun. However, when informed that Ledbetter had admitted to pointing a gun at the victim, Ertel acknowledged that she had been lying and knew it was wrong, but that she was scared and did not want to see Ledbetter get in trouble. The gun used in the road rage incident was then recovered from under a couch located approximately ten feet from where Ertel was sitting. According to Deputy Billmaier, although it would have taken even less time had Ertel simply "c[o]me clean right off the bat," the entire investigation took approximately 20 to 30 minutes.

{¶ 4} Ertel was then charged with one count of obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor.[1] Following a bench trial, Ertel was found guilty, placed on one year of probation, and ordered to pay a $250 fine. Ertel now appeals from her conviction, raising a single assignment of error for review.

---

1. Ledbetter was charged in the Lebanon Municipal Court and later pled guilty to a single count of menacing in violation of R.C. 2903.22(A), a fourth-degree misdemeanor. The charges initially brought against Ledbetter did not include a charge of obstructing official business.

{¶ 5} THE TRIAL COURT ERRED IN DENYING APPELLANT'S OHIO CRIM.R. 29 MOTION FOR ACQUITTAL AS APPELLEE FAILED TO ESTABLISH APPELLANT'S ACTIONS CAUSED A SUBSTANTIAL STOPPAGE OF THE INVESTIGATION.

{¶ 6} In her single assignment of error, Ertel argues the trial court erred by denying her Crim.R. 29(A) motion for acquittal because there was insufficient evidence to support her conviction. We disagree.

{¶ 7} "A Crim.R. 29 motion is asserted to test the sufficiency of the evidence." *State v. McMurray*, 12th Dist. Preble No. CA2014-08-008, 2015-Ohio-2827, ¶ 37. Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Hoskins*, 12th Dist. Warren No. CA2013-02-013, 2013-Ohio-3580, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 52. The relevant inquiry is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 25, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 8} As noted above, Ertel was convicted of one count of obstructing official business in violation of R.C. 2921.31(A), which provides "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." As this court has stated previously, the proper focus in a prosecution for obstructing official business is on

- 3 -

the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform his or her lawful duties. *State v. Bailey*, 12th Dist. Fayette No. CA2007-04-013, 2008-Ohio-3075, ¶ 28, citing *State v. Neptune*, 4th Dist. Athens No. 99CA25, *10 (Apr. 21, 2000). In turn, in order to be convicted for obstructing official business, there must be evidence presented indicating the defendant actually interfered with the performance of an official duty, thereby making the performance of that duty more difficult. *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28, citing *State v. Whitt*, 12th Dist. Butler No. CA89-06-091, 1990 WL 82592, *2 (June 18, 1990). The state, however, is not required to prove the defendant's conduct successfully prevented a public official from doing his or her job. *Id.*

{¶ 9} In this case, Ertel argues her conviction must be reversed because her conduct in repeatedly lying to the responding officers regarding the road rage incident did not cause a "substantial stoppage" in their investigation. However, while we find some courts have used the "substantial stoppage" language when reviewing a conviction for obstructing official business, *see State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, ¶ 12 (1st Dist.); *State v. Ellis*, 2d Dist. Montgomery No. 24003, 2011-Ohio-2967, ¶ 59, our research has failed to uncover any such case emanating from this court. It is well-established that we are generally only bound by the decisions of the Ohio Supreme Court and by past precedent produced by our own district, not those decisions from our brethren within the other eleven appellate districts.

{¶ 10} Regardless, even in those cases where the "substantial stoppage" language has been used, those courts have universally held that there is no finite, definitive, or particular period of time that must elapse before a "substantial stoppage" has occurred. *See, e.g., State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, ¶ 18 (1st Dist.) ("[w]e do not hold that any finite period of time constitutes a 'substantial stoppage,' be the delay

occasioned by the interference thirty seconds or two minutes"); *State v. McLaughlin*, 2d Dist. Montgomery No. 26521, 2015-Ohio-4611, ¶ 15 (there is no finite period of time that constitutes a substantial stoppage). Rather, so long as the record demonstrates the defendant's conduct hampered or impeded the public official's ability to perform his or her lawful duties, the evidence supports the conviction. *State v. Shoemaker*, 1st Dist. Hamilton No. C-140724, 2015-Ohio-4645, ¶ 15. This is a substantially similar standard to that which has been consistently employed by this court.

{¶ 11} Here, albeit for a period of approximately 20 to 30 minutes, the record firmly establishes that Ertel's repeated lies to the responding officers effectively hampered or impeded their investigation into the road rage incident. In fact, when specifically asked why Ertel was charged with obstructing official business, Deputy Billmaier testified that it was because "she hindered and obstructed our investigation," thus necessitating the officers to question Ertel and Ledbetter separately and make further contact with the victim. These lies were clearly intended to hamper or impede the investigation for Ertel readily admitted to lying to the responding officers because she did not want to see Ledbetter get in trouble.

{¶ 12} Despite this, Ertel argues her conduct cannot be considered the reason for the delay since she ultimately told the truth once Ledbetter admitted to pointing a gun at the victim. However, while Ledbetter also lied, as Deputy Billmaier testified, no delay in the investigation would have occurred had Ertel simply "c[o]me clean right off the bat." In other words, contrary to Ertel's claim otherwise, nothing about Ledbetter's conduct negates that of her own and would, at best, make them complicit with one another. Moreover, the fact that Ledbetter was not charged with obstructing official business is immaterial since "'[t]he prosecutor has great discretion in deciding which charges should be filed and may decide, for a myriad of reasons, not to prosecute on certain charges notwithstanding that sufficient evidence exists to support a conviction.'" *State v. Conklin*, 12th Dist. Butler No. CA94-03-

064, 1995 WL 128388, *3 (Mar. 27, 1995), quoting *State v. Williams*, 89 Ohio App.3d 288, 291 (10th Dist.1993).

{¶ 13} As noted by the Ohio Supreme Court, "[t]he making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime" is punishable conduct within the meaning of R.C. 2921.31(A). *State v. Lazzaro*, 76 Ohio St.3d 261 (1996), syllabus. Therefore, because any rational trier of fact could have found the essential elements of obstructing official business proven beyond a reasonable doubt, Ertel's conviction was supported by sufficient evidence and the trial court properly denied her Crim.R. 29(A) motion for acquittal. *See, e.g., Shoemaker* at ¶ 15, 19 (obstructing official business conviction affirmed where appellant's repeated lies to a police officer hampered his investigation into a hit-skip collision by five minutes); *McLaughlin* at ¶ 17 (obstructing official business conviction affirmed even though conduct giving rise to the charge was "de minimus"). Accordingly, Ertel's single assignment of error is without merit and overruled.

{¶ 14} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.