[Cite as *State v. Schwartz*, 2023-Ohio-1424.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-012 |
| | : | O P I N I O N |
| - vs - | | 5/1/2023 |
| | : | |
| ROBERT L. SCHWARTZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20220097

Jess C. Weade, Fayette County Prosecuting Attorney, and Aubrie A. Allen, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**PIPER, J.**

{¶1} Appellant, Robert Schwartz, was originally indicted on one count of receiving stolen property, a fourth-degree felony, and one count of obstructing official business, a fifth-degree felony. The matter proceeded to a jury trial. Following the close of the state's case, Schwartz moved for a Crim.R. 29 acquittal, which the trial court denied. Schwartz chose not to present any evidence and the matter was submitted to the jury. Upon

deliberating, the jury found Schwartz not guilty of receiving stolen property but found him guilty of obstructing official business as a second-degree misdemeanor.[1] The sentencing entry reflects that Schwartz was sentenced to 90 days in the Fayette County Jail.[2]

**Facts Leading to Indictment**

{¶2} On January 24, 2022, Schwartz rented a U-Haul truck from an authorized dealership in the state of Indiana. The truck was scheduled to be returned the following day. Schwartz failed to return the vehicle or notify the dealership accordingly. Representatives of the rental dealership made multiple attempts to contact Schwartz in order to extend the contract and receive additional payment. Although Schwartz indicated he would authorize additional payments on his credit card, no such payments were forthcoming. Schwartz never indicated when he would return the vehicle, despite the dealership insisting on the vehicle's immediate return or payment on an extended rental agreement.

{¶3} On February 15, 2022, the U-Haul field manager informed Schwartz that he would report the truck stolen unless Schwartz returned the vehicle or provided additional payment, which, again, Schwartz failed to do. The truck was reported stolen on February 25, 2022, approximately 31 days after Schwartz first rented the vehicle.

{¶4} On February 28, 2022, an Ohio State Trooper, Haley Shreck, was patrolling a rest area where she observed the stolen U-Haul truck. Trooper Shreck and her backup approached the truck and observed that the windows had been covered and their visibility into the vehicle obstructed.

{¶5} Trooper Shreck and her backup gave orders for the truck's occupants to show

---

1. The jury found Schwartz did not create a risk of physical harm to any person.

2. According to the sentencing entry, Schwartz had already served 171 days in jail and his sentence had already been completed.

their hands and step out of the vehicle. The only occupant, Schwartz, did not comply with the orders which were repeatedly given. Instead, Schwartz raised an item covering the window to look outside at the officers. Trooper Shreck noticed that Schwartz had an unknown object wrapped in a rag in his right hand. Due to safety concerns, Trooper Shreck immediately ordered Schwartz to drop the object in his hand. Schwartz chose not to comply. Instead, Schwartz re-covered the window obstructing any visibility into the U-Haul compartment.

{¶6} Concerned with what Schwartz may have in his possession, Trooper Shreck and her backup retreated and took cover. For nearly an hour, law enforcement gave dozens of lawful commands demanding that Schwartz exit the vehicle and show his hands. Eventually, Schwartz exited the vehicle and was arrested without further incident.

## Issues on Appeal

{¶7} Schwartz timely appeals his conviction for obstructing official business, raising a single assignment of error for review, arguing multiple issues.

{¶8} Schwartz's Sole Assignment of Error:

{¶9} THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL.

{¶10} Schwartz argues the trial court should have granted his Crim.R. 29 motion because the state failed to meet its burden of production. Schwartz raises three issues for this court's consideration:

> Issue One: A failure to act is insufficient to sustain a conviction for obstructing official business. Here, the evidence fails to show any act of Defendant-Appellant.
>
> Issue Two: An act must be done with purpose to prevent, obstruct, or delay a public official to sustain a conviction for obstructing official business. Herein, the evidence fails to show any act of Defendant-Appellant that was done with purpose to prevent, obstruct, or delay the troopers.

Issue Three: An act must actually hamper or impede a public official to sustain a conviction for obstructing official business. Herein, the troopers were not impeded or hampered.

**Standard of Review**

{¶11} The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim. *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 37. A Crim.R. 29(A) motion tests the adequacy of the state's evidence and requires a court to determine whether the state has met its burden of production at trial. *State v. Terry*, 12th Dist. Fayette No. CA2001-07-012, 2002-Ohio-4378, ¶ 16. Therefore, the reviewing court must examine the evidence to determine whether any rational trier of fact, when viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 25.

**Obstructing Official Business**

{¶12} R.C. 2921.31(A) provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." Therefore, to obtain a conviction pursuant to R.C. 2921.31(A), the state is required to prove five elements: "'(1) an act by the defendant; (2) done with the purpose to prevent, obstruct, or delay a public official; (3) that actually hampers or impedes a public official; [(4)] while the official is acting in the performance of a lawful duty; and (5) the defendant does so act without a privilege to do so.'" *State v. Devillere*, 12th Dist. Warren No. CA2009-12-158, 2010-Ohio-2538, ¶ 20, quoting *State v. Dice*, 3d Dist. Marion No. 9-04-41, 2005-Ohio-2505, ¶ 19.

{¶13} The offense of obstructing official business generally requires "the doing of some affirmative act by a defendant." *State v. Jones*, 12th Dist. Brown No. CA2015-05-014, 2016-Ohio-67, ¶ 20. However, "failing to act may still constitute obstruction of official business in certain circumstances." *State v. Florence*, 12th Dist. Butler No. CA2013-05-070, 2014-Ohio-167, ¶ 30. As we have previously stated, "[t]he proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform his lawful duties." *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28.

{¶14} In so doing, "the state does not need to prove that the defendant successfully prevented an officer from performing his or her official duties." *State v. Alexander*, 12th Dist. Warren No. CA2016-09-085, 2017-Ohio-5507, ¶ 21. The state need only present evidence demonstrating a defendant interfered with the performance of an official duty and made it more difficult to perform. *Id.*

**Legal Analysis**

{¶15} After reviewing the record, we find Schwartz's conviction for obstructing official business is supported by sufficient evidence. The state presented testimony and evidence from which the jury could have found all the essential elements of the offense proven beyond a reasonable doubt. The state introduced evidence that Schwartz purposefully obstructed law enforcement's investigation and made the performance of their duties more difficult to perform. Officer Shreck ordered Schwartz out of the U-Haul truck and told him to drop what was in his hand. Schwartz not only ignored these commands, but he also covered up the window, which caused Trooper Shreck and her backup to retreat and take cover.

{¶16} For nearly an hour, Schwartz remained in the truck, ignored lawful commands, and interfered with the investigation into the U-Haul which had been reported stolen.

Schwartz eventually complied while providing no explanation except that he had some "negative experiences with officers" in the past. The evidence supporting Schwartz's conviction was further captured on Trooper Shreck's body camera, which was introduced at trial and which confirms the relevant facts. The facts surrounding Schwartz's actions demonstrate he acted with purpose to obstruct or delay law enforcement from the performance of official duties.

**Conclusion**

{¶17} We find a rational trier of fact, when viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, we find Schwartz's conviction for obstructing official business is supported by sufficient evidence and his sole assignment of error is overruled.

{¶18} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.