[Cite as *State v. Bowling*, 2025-Ohio-1693.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-138 |
| | : | O P I N I O N AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 5/12/2025 |
| STARLENE L. BOWLING, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case Nos. TRD2402334; TRD2402334(A) and (B)


Letitia S. Block, City of Hamilton Director of Law, and Antoinette M. Dillard, Assistant Director of Law, City of Hamilton Law Department, for appellee.

Engel & Martin, LLC, and Joshua A. Engel, for appellant.


## O P I N I O N

**M. POWELL, J.**

{¶ 1} Appellant, Starlene Bowling, appeals her convictions in the Hamilton Municipal Court for failure to stop after an accident, driving under a financial responsibility

suspension, and marked lanes violation.[1]

{¶ 2}   On August 23, 2023, Victoria Meiner was driving on northbound State Route 4 in Hamilton, Ohio. As she was getting into the turn lane to make a left-hand turn onto Dayton Lane, a Chrysler PT Cruiser struck the back, right corner panel of her car. Meiner pulled over and remained in her car. The driver of the PT Cruiser approached Meiner's rolled-down window, screamed at Meiner, claimed to have contacted the police, and then left the scene without providing Meiner with any identifying information. The face-to-face interaction between Meiner and the driver lasted approximately two minutes. Before the driver left the scene, Meiner photographed the PT Cruiser's license plate. Meiner made a police report. The matter was investigated by Hamilton Police Officer Carla Browning. Officer Browning ran the license plate number provided by Meiner and determined that the PT Cruiser was registered to Joanie Randall, which led to appellant. A week after the incident, a photo lineup including appellant's photograph was presented to Meiner for eyewitness identification purposes. Meiner identified appellant as the driver of the PT Cruiser that struck her car. During a telephone call with Officer Browning on September 6, 2023, appellant admitted using Randall's car on August 23, 2023, but claimed she could not have been the driver of the PT Cruiser that struck Meiner's vehicle because she was picking up her children at daycare at 4:30 p.m. that day. Officer Browning also determined that appellant's driver's license was suspended.

{¶ 3}   On October 3, 2023, appellant was charged by complaint on one count each of failure to stop after an accident, driving under a financial responsibility suspension, and marked lanes violation. Appellant entered a not guilty plea to the charges and a bench trial was held on July 29, 2024. At trial, the State presented the testimony of Meiner and

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

Officer Browning; appellant testified on her own behalf. Meiner identified appellant as the driver of the PT Cruiser that struck her vehicle. After presentation of the evidence, the trial court found appellant guilty as charged.

{¶ 4} Appellant now appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE OUT OF COURT IDENTIFICATION.

{¶ 7} Appellant argues that her trial counsel was ineffective because counsel "failed to determine whether the trial court was required to consider law enforcement's failure to comply with [R.C. 2933.93]" regarding the photo lineup law enforcement displayed to Meiner. Appellant states that the record does not contain any evidence that the police complied with R.C. 2933.83 and does not show that counsel investigated whether the photo lineup was unduly suggestive. Appellant asserts that "prejudice may be found" because Meiner's "in-court identification may have arisen from [the] prior out-of-court suggestive" photo lineup rather than from the August 23, 2023 incident.

{¶ 8} To prevail on her ineffective assistance of counsel, appellant must show that her trial counsel's performance was deficient, and that she was prejudiced as a result. *State v. Green*, 2018-Ohio-3991, ¶ 42 (12th Dist.); *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for her trial counsel's errors, there is a reasonable probability that the result of her trial would have been different. *Id.* at 694. The failure to demonstrate either prong is fatal to an ineffective assistance of counsel claim. *State v. Kaufhold,* 2020-Ohio-3835, ¶ 54 (12th Dist.).

{¶ 9} R.C. 2933.83 governs eyewitness identification procedure in lineups. R.C.

- 3 -

2933.83 (B) requires any law enforcement agency that conducts live and photo lineups to adopt "specific procedures for conducting the lineups." R.C. 2933.83(C)(1) provides that evidence of noncompliance with the statute "shall be considered by trial courts in adjudicating motions to suppress eyewitness identification resulting from or related to the lineup." Failure to strictly comply with R.C. 2933.83 does not render the pretrial identification procedure per se impermissibly suggestive. *State v. Womack*, 2021-Ohio-1309, ¶ 37 (5th Dist.).

{¶ 10} The record does not reflect how the photo lineup was administered and whether it complied with R.C. 2933.83. Appellant's argument that the outcome of her trial may have changed if trial counsel had investigated whether the photo lineup complied with the statute is completely speculative. "Speculation is not sufficient to establish ineffective assistance of counsel." *State v. Miller*, 2023-Ohio-1600, ¶ 26 (12th Dist.), citing *State v. Short*, 2011-Ohio-3641, ¶ 119. Moreover, Meiner testified that she had a good unobstructed view of appellant during their approximately two-minute, face-to-face interaction after the accident. Appellant also admitted to Officer Browning that she had the PT Cruiser during the relevant time frame. Appellant has therefore not demonstrated that she was prejudiced by her counsel's performance, and we find that she did not receive ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

{¶ 11} Appellant's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THERE WAS INSUFFICIENT EVIDENCE OF A MARKED LANES VIOLATION.

{¶ 14} Appellant argues that her conviction for marked lanes violation was not supported by sufficient evidence because the State failed to prove that the PT Cruiser driven by appellant crossed over a painted line dividing lanes of travel and entered into

the turn-only lane.

{¶ 15} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Peyton*, 2017-Ohio-243, ¶ 41 (12th Dist.). The "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* In other words, the test for sufficiency requires a determination as to whether the state has met its burden of production at trial. *State v. Wilson*, 2007-Ohio-2298, ¶ 34 (12th Dist.). "In a sufficiency-of-the-evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines whether or not that testimony satisfies each element of the crime." *State v. Johnson*, 2007-Ohio-2385, ¶ 8 (10th Dist.).

{¶ 16} Appellant was convicted of violating Hamilton Municipal Ordinance 331.01(A)(1)—marked lanes violation—which provides, "A vehicle shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

{¶ 17} Upon viewing the evidence presented in a light most favorable to the prosecution, we find that the record contains insufficient evidence to support appellant's marked lanes violation. The only evidence the State presented of how the accident occurred was Meiner's testimony that appellant struck her car as Meiner was getting into the left-turn lane. That is, Meiner's testimony was that she was the one changing lanes, not appellant. The State did not present evidence that the accident occurred as appellant was outside of a marked lane or changing lanes.

{¶ 18} As the state failed to present proof that appellant was outside a marked lane or changing lanes when she struck Meiner's car, we find insufficient evidence to support appellant's conviction for marked lanes violation. We therefore sustain appellant's second assignment of error. Appellant's marked lanes conviction is reversed and vacated.

{¶ 19} Having reviewed the record in the present case, we notice and raise, sua sponte, an error in the trial court's Judgment Entry of Conviction for Cases Nos. TRD2402334A (failure to stop after an accident) and TRD2402334B (driving under a financial responsibility suspension). The sentencing entries mistakenly indicate that appellant pled guilty to failure to stop after an accident and driving under a financial responsibility suspension even though the trial court found appellant guilty of the offenses following a bench trial. Likewise, the sentencing entry in Case No. TRD2402334 mistakenly indicated that appellant pled guilty to a marked lanes violation even though the trial court found appellant guilty of the offense following a bench trial. Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "'The purpose of a nunc pro tunc entry under Crim.R. 36 is to record actions that actually were taken but not correctly recorded.'" *State v. Rodriguez*, 2024-Ohio-5632, ¶ 23 (12th Dist.), quoting *State v. Baker*, 2023-Ohio-1699, ¶ 32 (12th Dist.). Because the judgment entries of conviction contain a mistake as to the manner of conviction, we remand this case and direct the trial court to issue nunc pro tunc sentencing entries in Cases Nos. TRD2402334A and TRD2402334B reflecting that appellant was found guilty following a bench trial. *Id.*; *State v. Chasteen*, 2013-Ohio-3573, ¶ 17 (12th Dist.). We note that the Hamilton Municipal Court made the same mistake in its sentencing entry in *Rodriguez* and *Baker. See also State v. Redden*, 2024-Ohio-1088 (12th Dist.).

{¶ 20} Judgment in Case No. TRD2402334 is reversed and appellant's marked

lanes violation conviction is vacated. The matter is remanded to the Hamilton Municipal

Court for the limited purpose of issuing nunc pro tunc sentencing entries in Cases Nos.

TRD2402334A and TRD2402334B to correct the manner of conviction. *Rodriguez* at ¶

23. In all other respects, the judgment of the trial court is affirmed.

PIPER, P.J., and SIEBERT, J., concur.

---

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and vacated as to the conviction for marked lanes violation. The matter is remanded to the Hamilton Municipal Court for the limited purpose of issuing nunc pro tunc sentencing entries in Cases Nos. TRD2402334A and TRD2402334B to correct the manner of conviction and reflect that appellant was found guilty following a bench trial, not a guilty plea. In all other respects, the judgment of the municipal court is affirmed.

It is further ordered that a mandate be sent to the Hamilton Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed 50% to appellant and 50% to appellee.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge