[Cite as *State v. Geter*, 2025-Ohio-2100.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-007 |
| | : | O P I N I O N |
| - vs - | | 6/16/2025 |
| | : | |
| DEVON S. GETER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB2402842

Antoinette M. Dillard, City of Hamilton Assistant Law Director, for appellee.

Engel & Martin, LLC, and Joshua A. Engel, for appellant.

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, Devon S. Geter, appeals from his conviction in the Hamilton Municipal Court for obstructing official business.

{¶ 2}  On September 17, 2024, appellant was issued a citation for obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree. Appellant entered a not guilty plea, and the matter proceeded to a bench trial.

{¶ 3}   City of Hamilton Police Officer Derek Fryman was the state's sole witness. Officer Fryman testified that on September 17, 2024, he and another officer, Officer Johnson, were on patrol together when they observed appellant walking on Kahn Avenue. Officer Johnson recognized appellant. The officers ran appellant's name through the LEADS system and discovered he had an outstanding warrant for his arrest. The officers pulled their cruiser alongside appellant and began speaking with him. The officers instructed appellant to "stop," but he failed to comply with the officers' orders and continued walking. When Officer Fryman opened the cruiser's door to get out and detain appellant, appellant immediately took off running. Both Officer Fryman and Officer Johnson chased after appellant on foot for approximately 30 seconds, following him for nearly a block. Appellant stopped running, raised his hands, and was taken into custody by the officers. Officer Fryman testified appellant's actions had hampered the officers' ability to effectuate an arrest. On cross-examination, Officer Fryman admitted that he could not recall whether he or Officer Johnson had advised appellant that he was being arrested on an outstanding warrant when they ordered him to "stop."

{¶ 4}   Following Officer Fryman's testimony the state rested, and defense counsel moved for acquittal pursuant to Crim.R. 29. The trial court denied appellant's motion. Thereafter, appellant rested his defense without presenting any witnesses. The trial court ultimately found appellant guilty and sentenced him to 90 days in jail, with 60 days suspended, two years of community control, and a fine of $200.

{¶ 5}   Appellant appealed his conviction, raising the following as his sole assignment of error:

{¶ 6}   THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS.

{¶ 7} Appellant argues the trial court erred in convicting him of obstructing official business as the state failed to prove that he acted purposefully or that he hindered the officers' performance of their official duties.

{¶ 8} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 2012-Ohio-3205, ¶ 9 (12th Dist.). Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 9} Appellant was convicted of obstructing official business in violation of R.C. 2921.31(A), which provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." A person acts purposely "when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶ 10} "The offense of obstructing official business generally requires 'the doing of some affirmative act by a defendant.'" *State v. Jones*, 2016-Ohio-67, ¶ 20 (12th Dist.), quoting *State v. King*, 2007-Ohio-335, ¶ 58 (3d Dist.). "The proper focus in a prosecution

for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform his lawful duties." *State v. Standifer*, 2012-Ohio-3132, ¶ 28 (12th Dist.). "[T]he state does not need to prove that the defendant successfully prevented an officer from performing his or her duties." *State v. Alexander*, 2017-Ohio-5507, ¶ 21 (12th Dist.). Rather, "[t]he state need only present evidence demonstrating a defendant interfered with the performance of an official duty and made it more difficult to perform." *State v. Schwartz*, 2023-Ohio-1424, ¶ 14 (12th Dist.).

{¶ 11} Appellant argues that his actions amounted to an "inconvenience" for the officers but did not prevent them from doing their official duties. Relying on case law from other appellate districts, appellant maintains that his conviction should be reversed as his actions did not result in a "substantial stoppage" of the officers' progress in detaining and arresting him. *See State v. Grice*, 2009-Ohio-372, ¶ 12 (1st Dist.) (holding that for a defendant's conduct to "hamper" or "impede" an officer's official duties, the "conduct at issue must create some 'substantial stoppage' of the officer's progress"); *State v. Ellis*, 2011-Ohio-2967, ¶ 59 (2d Dist.); *State v. Harris*, 2018-Ohio-4316, ¶ 16 (4th Dist.); *Cleveland Metroparks v. Cauthen*, 2020-Ohio-5266, ¶ 23 (8th Dist.).

{¶ 12} This court has previously considered and rejected application of the "substantial stoppage" standard. *See State v. Pack*, 2023-Ohio-1522, ¶ 14-15 (12th Dist.); *State v. Ertel*, 2016-Ohio-2682, ¶ 9-10 (12th Dist.). As we recognized in *Ertel*,

> [W]hile we find some courts have used the "substantial stoppage" language when reviewing a conviction for obstructing official business, *see State v. Grice* . . . 2009-Ohio-372, ¶ 12 (1st Dist.); *State v. Ellis*, . . . 2011-Ohio-2967, ¶ 59, our research has failed to uncover any such case emanating from this court. It is well-established that we are generally only bound by the decisions of the Ohio Supreme Court and by past precedent produced by our own district, not those decisions from our brethren within the other eleven appellate districts.

(Cleaned up). *Id.* at ¶ 9.

{¶ 13} As opposed to requiring a "substantial stoppage," we held that a conviction for obstructing official business requires proof that the defendant "hampered or impeded the public official's ability to perform his or her lawful duties." *Id.* at ¶ 10. "There is no finite, definitive, or particular period of time that must elapse for a public official's lawful duties to have been hampered or impeded." *Pack* at ¶ 15, citing *Ertel* at ¶ 10.

{¶ 14} We find appellant's action in purposefully fleeing from Officer Fryman and Officer Johnson to avoid being detained and subsequently arrested hampered or impeded the officers' lawful duties. Officer Fryman's testimony that appellant disregarded his and Officer Johnson's orders to "stop" and led the officers on a foot chase through Hamilton, however brief and futile, constituted sufficient evidence to support his conviction. *See Pack* at ¶ 16.

{¶ 15} Appellant's sole assignment of error is, therefore, overruled.

{¶ 16} However, having reviewed the record in the present case, we notice and raise, sua sponte, an error in the trial court's Judgment Entry of Conviction. The sentencing entry mistakenly indicates appellant pled guilty to obstructing official business even though the trial court found appellant guilty of the offense following a bench trial. Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "'The purpose of a nunc pro tunc entry under Crim.R. 36 is to record actions that were taken but not correctly recorded.'" *State v. Rodriguez*, 2024-Ohio-5632, ¶ 23 (12th Dist.), quoting *State v. Baker*, 2023-Ohio-1699, ¶ 32 (12th Dist.). As the judgment entry of conviction contains a mistake as to the manner of conviction, we remand this case and direct the trial court to issue a nunc pro tunc sentencing entry reflecting that

appellant was found guilty following a bench trial. *Id.*; *State v. Bowling*, 2025-Ohio-1693, ¶ 19.

{¶ 17} Judgment is reversed and the matter is remanded to the Hamilton Municipal Court for the limited purpose of issuing a nunc pro tunc sentencing entry to correct the manner of conviction. In all other respects, the judgment of the trial court is affirmed.

PIPER and SIEBERT, JJ. concur.