[Cite as *State v. Wilburn*, 2025-Ohio-4312.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-009 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 9/15/2025 |
| JORY A. WILBURN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB2406439

City of Hamilton Law Department, and Brian K. Harrison, for appellee.

Engel & Martin, LLC, and Joshua A. Engel, for appellant.

## O P I N I O N

**M. POWELL, J.**

{¶ 1}  Appellant, Jory Wilburn, appeals his conviction in the Hamilton Municipal Court for failure to comply with an order or signal of a police officer.

{¶ 2}  In the early hours of March 20, 2024, Hamilton Police Officers Dan Pratt

and James Tommer separately responded to a "shots fired call" near a bar. The officers were in uniform, were driving marked police cars, and were invested with the authority to direct, control, and regulate traffic. Witnesses at the scene directed the officers to appellant who was found seated in the driver's seat of a vehicle with the engine running. As the officers approached the vehicle, appellant rolled down his window. Officer Pratt immediately noticed a strong odor of alcoholic beverage coming from inside the vehicle and observed that appellant had bloodshot glassy eyes, slurred speech, and extremely slow movements. Appellant refused to provide his name or identification and told the officer he did not have a driver's license. Suspecting an OVI, Officer Pratt asked appellant to exit the vehicle three times. Each time, appellant did not comply. Appellant eventually exited the vehicle when Officer Pratt opened the driver's door.

{¶ 3} Officer Tommer patted down appellant next to the vehicle. While doing so, the officer smelled an odor of alcoholic beverage on appellant's breath. Officer Tommer repeatedly directed appellant to sit in the back of a cruiser, and appellant repeatedly failed to comply with the officer's directives. Appellant was arrested and handcuffed for refusing to comply. A struggle ensued requiring officers to physically place appellant in the cruiser. Due to appellant's combative attitude, field sobriety tests were not administered at the scene, and appellant subsequently refused to submit to a breathalyzer test at the police station.

{¶ 4} As a result of the incident, appellant was charged with failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(A), and OVI. The matter proceeded to a jury trial on December 16, 2024. Both officers testified on behalf of the State. At the close of the State's case-in-chief, appellant moved for a judgment of acquittal under Crim.R. 29(A), which was denied by the trial court. The jury found appellant guilty of failure to comply but acquitted him of OVI.

- 2 -

{¶ 5} Appellant now appeals, raising one assignment of error:

THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR FAILURE TO COMPLY.

{¶ 6} Appellant argues that his conviction for failure to comply with an order of a police officer was not supported by sufficient evidence because he did not disobey an order relating to the control and regulation of traffic. Thus, appellant does not argue that the evidence of his failure to comply with the officers' orders was insufficient, but that R.C. 2921.331(A) does not proscribe noncompliance with a police officer's orders unrelated to the control and regulation of traffic. In this sense, appellant raises a purely legal issue of statutory interpretation.

{¶ 7} Appellant was convicted of violating R.C. 2921.331(A)—failure to comply with a police officer's order—which provides, "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." What the General Assembly meant when it used the phrase "authority to direct, control, or regulate traffic" in drafting the statute has been the subject of some debate in the courts of appeals. In support of his argument, appellant cites *State v. Redd*, 2004-Ohio-4689 (2d Dist.).

{¶ 8} *Redd* involved a motorist who sat in his vehicle in an open parking lot while he observed a police officer arrest a friend of his for suspicion of OVI. When the motorist refused to leave the parking lot at the officer's direction, the officer charged him with violating R.C. 2921.331(A). The Second District Court of Appeals found that the motorist was not engaged in any activity that constituted a traffic violation, i.e., "any conduct that implicated the direction, control, or regulation of traffic subject to the officer's lawful authority," and reversed the motorist's conviction. *Id.* at ¶ 14. In so finding, the court of appeals construed R.C. 2921.331(A) as prohibiting the failure to comply with the lawful

order of a police officer relating to the direction, control, or regulation of traffic. *Id.* at ¶ 12.

Explaining further, the court held that

> the "lawful order" of a police officer that R.C. 2921.331(A) contemplates, and with which an offender fails to comply in order for a violation to occur, is one that involves the offender's act or omission in operating a motor vehicle which, by law, an officer is charged with authority to direct, control, or regulate. The manner of that operation need not be unlawful. It is only necessary that the officer be charged by law with authority to direct it and that the offender fails to comply with the officer's particular direction.

*Id.* at ¶ 19. *See also State v. Armstrong-Carter*, 2021-Ohio-1110 (2d Dist.); *State v. Adams*, 2011-Ohio-4008 (2d Dist.).

{¶ 9} The Ninth District Court of Appeals presented a different take on the statute in *State v. Wagenknecht*, 1994 Ohio App. LEXIS 2962, *4 (9th Dist. June 29, 1994). In that case, a police officer initiated a traffic stop for a speeding violation. The officer ordered the motorist to remain at the scene to receive a citation but the motorist started to walk away. In appealing her conviction under R.C. 2921.331(A), the motorist argued that there must be a direct relationship between the order given and traffic regulation. In upholding the conviction, the court of appeals held that

> Failure to comply does not require . . . that the order given directly relate to traffic matters. The plain meaning of the statute is that a person is guilty of failure to comply, if, after receiving a lawful order from a police officer invested with authority to direct, control, or regulate traffic, that person failed to comply with that order. The police officer's authority must derive from traffic regulation.

*Id.* at *4. *See also State v. Harris*, 2025-Ohio-2796 (1st Dist.); *State v. Davis*, 2001 Ohio App. LEXIS 1364 (4th Dist.).

{¶ 10} The difference between *Redd* and *Wagenknecht* is that *Redd* interprets R.C. 2921.331(A) as requiring the officer's lawful order to relate to the direction, control, or regulation of traffic, whereas *Wagenknecht* holds that a lawful order relating to any

matter is encompassed by the statute as long as the officer's order derives from the officer's authority to regulate traffic. Thus, under both *Redd* and *Wagenknecht*, the police officer must be engaged in traffic regulation at the time the order is given.

{¶ 11} In examining the two opinions above, the Eighth District Court of Appeals observed that "neither decision follows the unambiguous wording of R.C. 2921.331(A) when they limit the scope of the statute to orders issued in the context of traffic regulation." *State v. Thigpen*, 2016-Ohio-1374, ¶ 35 (8th Dist.). "If a statute is clear and unambiguous, there is no need for interpretation and we apply the statute as written." *Id.* at ¶ 36, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 1996-Ohio-291, ¶ 7.

{¶ 12} Noting that R.C. 2921.331(A) "refers to a police officer 'invested' with 'authority' to direct, control, or regulate traffic," and based upon the definition of "police officer" in R.C. 4511.01(Z), the court of appeals observed that a police officer's "authority to direct, control, or regulate traffic exists by virtue of the position, regardless of whether the police officer is actually engaging in traffic direction, control, or regulation." *Thigpen* at ¶ 37. "In other words, nothing in the plain language of R.C. 2921.331(A) limits it solely to orders or signals of police officers actively engaging in traffic direction, control, or regulation." *Id.* "If the police officer is, at the time the order at issue is given, authorized to direct, control, or regulate traffic, and if the order itself is 'lawful,' the plain language of R.C. 2921.331(A) states that a person must comply with the order." *Id.* Therefore, the "duty to comply exists even if the police officer's order is not made in the context of enforcing any traffic law. If the General Assembly intended a different meaning for R.C. 2921.331(A), it could have worded the statute to apply to police officers engaged in the direction, control, or regulation of traffic." *Id.*

{¶ 13} We find the reasoning in *Thigpen* to be persuasive and apply it herein. Officers Pratt and Tommer both testified that they were in uniform and driving marked

police cars and that they were invested with the authority to direct, control, and regulate traffic. Appellant does not argue that the officers' orders were unlawful and the record neither suggests nor indicates that the orders were unlawful. Thus, appellant was required to comply with the officers' orders under R.C. 2921.331(A). The record plainly shows that appellant did not comply with Officers Pratt's and Tommer's orders. We therefore find that appellant's conviction for failure to comply with a police officer's order was supported by sufficient evidence.

{¶ 14} Even if R.C. 2921.331(A) only applies to traffic orders, appellant's conviction for failure to comply with the officers' orders was supported by sufficient evidence. The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim. *State v. Wilson*, 2022-Ohio-1146, ¶ 27 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *Id.* "The relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 15} Once again, both officers were in uniform and driving marked police cars and both were invested with the authority to direct, control, and regulate traffic. While the officers were only investigating shots fired when they first approached appellant's vehicle, their investigation soon also became an OVI investigation once the officers detected an odor of alcoholic beverage coming from inside appellant's running vehicle and observed appellant's bloodshot eyes, slurred speech, and extremely slow movements while he was seated in the driver's seat. At that moment, the officers had a reasonable suspicion that

appellant was engaged in OVI. In other words, the officers were engaged in traffic regulation at the time the orders were given. Thereafter, appellant refused three times to comply with Officer Pratt's order to exit appellant's vehicle and repeatedly refused to comply with Officer Tommer's orders to sit in the back of a police cruiser, thereby violating R.C. 2921.331(A).

{¶ 16} In light of the foregoing, we find that appellant's conviction for failure to comply with a police officer's order was supported by sufficient evidence. Appellant's assignment of error is overruled.

{¶ 17} However, having reviewed the record in the present case, we once again notice and raise, sua sponte, an error in the trial court's Judgment Entry of Conviction. The sentencing entry mistakenly indicates that appellant pled guilty to failure to comply with an order or signal of a police officer even though he was found guilty of the offense following a jury trial. Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "'The purpose of a nunc pro tunc entry under Crim.R. 36 is to record actions that were taken but not correctly recorded.'" *State v. Rodriguez*, 2024-Ohio-5632, ¶ 23 (12th Dist.), quoting *State v. Baker*, 2023-Ohio-1699, ¶ 32 (12th Dist.). As the judgment entry of conviction contains a mistake as to the manner of conviction, we remand this case and direct the trial court to issue a nunc pro tunc sentencing entry reflecting that appellant was found guilty following a jury trial. *Id.*

{¶ 18} With this opinion, this will be the sixth time in the last two years that we must remand a case to the Hamilton Municipal Court because of a mistake as to the manner of conviction in the trial court's sentencing entry. *See State v. Moore*, 2025-Ohio-2623 (12th Dist.); *State v. Geter*, 2025-Ohio-2100 (12th Dist.); *State v. Bowling*, 2025-Ohio-1693 (12th Dist.); *Rodriguez*; and *Baker. See also State v. Redden*, 2024-Ohio-1088

- 7 -

(12th Dist.). Yet, despite our five previous remands, the Hamilton Municipal Court continues to make the same or similar mistake in its sentencing entry. This calls into question the integrity of the Hamilton Municipal Court's sentencing entries and suggests a lack of care or nonchalant attitude by the trial court. Moving forward, we urge the Hamilton Municipal Court to take the time to verify the manner of conviction in its sentencing entries before issuing such entries so that mistakes as to the manner of conviction are not repeated in the future.

{¶ 19} Judgment is reversed and the matter is remanded to the Hamilton Municipal Court for the limited purpose of issuing a nunc pro tunc sentencing entry to correct the manner of conviction. In all other respects, the judgment of the municipal court is affirmed.

BYRNE, P.J., and PIPER, J., concur.

- 9 -

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed as to the sentencing entry only, and this cause is remanded for the limited purpose of issuing a nunc pro tunc sentencing entry to correct the manner of conviction according to law and consistent with the above Opinion. In all other respects, the judgment of the trial court is affirmed.

It is further ordered that a mandate be sent to the Hamilton Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed 100% to appellant.

/s/ Matthew R. Byrne, Presiding Judge


/s/ Robin N. Piper, Judge


/s/ Mike Powell, Judge